IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN COPLEY, Individually, and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EVOLUTION WELL SERVICES, LLC,<br><br>Defendant. | Civil Action No. 20-1442 |

## NOTICE OF REMOVAL

Defendant Evolution Well Services, LLC ("Defendant" or "Evolution"), by and through its undersigned attorneys, and pursuant to 28 U.S.C. §§ 1332(a)(1), 1367, 1441, 1446 and 1453, hereby gives notice that it has removed this action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania. In support of this Notice of Removal, Defendant avers as follows:

## BACKGROUND

1.  Plaintiff Ryan Copley ("Plaintiff") filed a putative class action Complaint (the "Complaint") in the Court of Common Pleas of Allegheny County, Pennsylvania (the "State Court") on August 25, 2020. That action is captioned as "Ryan Copley, Individually and on behalf of all others similarly situated, v. Evolution Well Services, LLC" and docketed in the State Court as Case No. GD-20-009129 (the "State Court Action").

2. In State Court, the Complaint is the initial pleading in which Plaintiff sets forth his causes of action, which include: (i) Count I – violations of the Pennsylvania Minimum Wage Act for alleged failure to pay for hours worked, *34 Pa. Code §231.1*; (ii) Count II – violations of the Pennsylvania Minimum Wage Act for alleged unpaid overtime, *34 Pa. Code §231.42-43*; (iii) Count III – violations of the Pennsylvania Wage Payment and Collection Law for alleged failure to pay wages on schedule, *43 P.S. §260.3*.

3. On September 4, 2020, the Complaint was served upon Defendant. Pursuant to 28 U.S.C. § 1446(b), Defendant timely files this Notice of Removal within 30 days after service of the Complaint.

4. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as **Exhibit A**. True and correct copies all other prior pleadings in the State Court Action and a current state court docket are attached hereto as **Exhibit B**.

## **JURISDICTION**

5. Defendant removes this case on the basis of diversity jurisdiction. Under 28 U.S.C. §§ 1332(a)(1) and 1441, a class action may be removed to federal court where: (1) there is complete diversity of citizenship between the parties; and (2) the amount-in-controversy for the named plaintiff exceeds $75,000.00. *See also Shah v. Hyatt Corp.,* 425 F. App'x 121, 125 (3d Cir. 2011).

*Sufficient Diversity of Citizenship Exists*

6. Pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441, an action may be removed on the basis of diversity jurisdiction where there is complete diversity of citizenship between the parties.

7. By alleging that he is a citizen of Pennsylvania in the Complaint, Plaintiff's citizenship for the purposes of diversity jurisdiction under 28 U.S.C. § 1332 is Pennsylvania. *See Complaint,* ¶ 3.

8. Defendant was formed as a Delaware limited liability company and its principal place of business is located at 3 Hughes Landing, 1780 Hughes Landing Boulevard, Suite 125, The Woodlands, Texas 77380.[1] *See Complaint,* ¶4; *Declaration of Elizabeth Karl,* **Exhibit C** (the "Karl Declaration") at ¶ 3. Therefore, Defendant is a citizen of Delaware and Texas under 28 U.S.C. § 1332(c)(1). *See Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010) (holding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control and coordinate the corporation's activities… And in practice it should normally be the place where the corporation maintains its headquarters…").

9. Because Plaintiff and Defendant are citizens of different states, there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a)(1).

*The Amount in Controversy is Sufficient*

10. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. §§ 1332(a)(1).

---

[1] Defendant Evolution Well Services, LLC is not the proper defendant in this action. Evolution Well Services Operating, LLC – not Evolution Well Services, LLC – employed Plaintiff. However, both entities were incorporated in the same state and share the same principal place of business, thus their states of citizenship are the same for purposes of establishing diversity jurisdiction. *See Karl Declaration,* at ¶3.

-3-

11. While Defendant denies that Plaintiff or any putative class member is entitled to recovery in any form or amount,[2] the claimed amount in controversy for Plaintiff, as determined based on the allegations of the Complaint, exceeds $75,000, exclusive of interest and costs.

12. In Counts I and II of the Complaint brought under the Pennsylvania Minimum Wage Act ("MWA"), Plaintiff claims that he is entitled to the following monetary damages: "1) full back pay for all hours not compensated to date, 2) pre-judgment interest, 3) all costs associated with this litigation, including reasonable attorneys' fees, 4) injunctive relief prohibiting the Defendant from violating the Pennsylvania Minimum Wage Act in the future, and 5) any other relief which the Court deem (*sic*) necessary and proper." *See Complaint,* Prayers for Relief following ¶¶ 35, 44.

13. In Count III of the Complaint brought under the Pennsylvania Wage Payment and Collection Law ("WPCL"), Plaintiff claims that he is entitled to the following monetary damages: "1) full back pay for all hours not compensated to date, 2) liquidated damages as allowed under the WPCL, 3) pre-judgment interest, 4) all costs associated with this litigation, including reasonable attorneys' fees, 5) injunctive relief prohibiting the Defendant from violating the WPCL in the future, and 6) any other relief which the Court deem (*sic*) necessary and proper." *See Complaint,* Prayer for Relief following ¶ 51.

---

[2] All averments regarding the amount in controversy herein are made solely for purposes of removal and in no way should be construed as an admission or concession by Defendant with regard to the claims of liability or for damages asserted by Plaintiff. To the contrary, Defendant denies all such claims and expressly reserves its right to respond to the Complaint and to assert all defenses available to it in this action.

14. Accordingly, at a minimum, the amount in controversy should be determined based on Plaintiff's claims for full backpay, liquidated damages and attorney's fees, which are recoverable under the MWA and the WPCL. *See* 43 P.S. § 333.113 ("worker may recover in a civil action the full amount of such minimum wage less any amount actually paid to the worker by the employer, together with costs and such reasonable attorney's fees as may be allowed by the court"); 43 P.S. § 260.10 ("employe shall be entitled to claim... liquidated damages an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater"); 43 P.S. § 260.9a(f) ("The court in any action brought under this section shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant.").

15. Plaintiff does not allege any specific amount(s) of unpaid wages that Evolution purportedly owes him, nor does he allege the total hours he claims to have worked without pay. In such cases, the Third Circuit has made clear that "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 401 (3d Cir. 2016) (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

16. Plaintiff seeks "full backpay" for all hours worked under the MWA and the WPCL. *See Complaint,* Prayers for Relief following ¶¶ 35, 44, 51.

17. Plaintiff's employment lasted from approximately April 22, 2019 until August 6, 2020, when his employment was terminated. *See Karl Declaration* at ¶¶ 5, 8.

18. For the entirety of his employment, Plaintiff's regular pay rate was $33.00 per hour and his overtime pay rate was $49.50. *See Karl Declaration* at ¶ 6.

19. In his Complaint, Plaintiff alleges that he is entitled to pay for "2 hours per day on average" for time spent commuting from Defendant's pick up location to a job site and that those hours should be compensated at overtime rates. *See Complaint*, ¶¶ 16, 21, 23.

20. Although Plaintiff alleges Evolution owes him "2 hours per day on average," he fails to identify with any specificity the number of days for which he is purportedly owed two hours of pay. However, according to Plaintiff's timekeeping records, he was paid for approximately 288 days of work over the course of his employment. *See Karl Declaration* at ¶¶5,8.

21. Given that Plaintiff seeks overtime pay and does not identify how many hours should purportedly be compensated at his overtime rate, Plaintiff's alleged two hours of work per day should be calculated based on his overtime rate of $49.50. *See* 43 P.S. § 333.104(c) (providing that employees must be paid overtime rate for all hours worked in excess of 40 hours in a workweek).

22. Accordingly, Plaintiff's total alleged back pay sought is approximately $28,512.00.

23. Plaintiff is also seeking liquidated damages under the WPCL. *See Complaint,* Prayers for Relief following ¶ 51.

24. Under the WPCL, liquidated damages are equal to 25% of the total amount of wages owed or $500, whichever is greater. 43 P.S. § 260.10.

25. Accordingly, Plaintiff's alleged total liquidated damages are approximately $7,128.00

26. In addition, Plaintiff seeks attorneys' fees under the MWA and the WPCL. *See Complaint,* Prayers for Relief following ¶¶35, 44, 51.

27. In wage and hour and class action cases like this, attorneys' fees are often similar to or far exceed the total damages class members receive. *See, e.g., Souryavong v. Lackawanna County*, 872 F.3d 122, 129 (3d Cir. 2017) (affirming a district court's attorneys' fee award of $55,852.85 in an FLSA case where three plaintiffs only recovered a combined $5,588.30 in damages); *Altnor v. Preferred Freezer Servs., Inc.*, 197 F. Supp. 3d 746, 754 (E.D. Pa. 2016) (finding that attorneys' fee award of $80,000 in class action where class members received an aggregate of $85,000 was reasonable); *Reibstein v. Rite Aid Corp.*, 761 F. Supp. 2d 241, 261 (E.D. Pa. 2011) (finding that attorneys' fee award of $65,000 in class action where class members received an aggregate of $48,820 was reasonable); *Hanlon v. Aramark Sports, LLC*, No. CIV.A. 09-465, 2010 WL 374765, at *8 (W.D. Pa. Feb. 3, 2010) (finding that attorneys' fee award of $105,000 was reasonable where each class member received a voucher valued at $55.00).

28. Accordingly, Plaintiff's attorneys' fees could reasonably exceed the amount of Plaintiff's alleged back pay and liquidated damages of $35,640.00, amounting to more than $75,000.

29. Based on the allegations set forth in the Complaint and the potential damages available based on the causes of action asserted by Plaintiff, which are described above, the alleged amount in controversy for Plaintiff exceeds $75,000, exclusive of interest and costs. Therefore, the amount in controversy threshold established under 28 U.S.C. § 1332(a) is satisfied.

*Supplemental Jurisdiction Exists*

30. Pursuant to 28 U.S.C. § 1367, where the district court has original jurisdiction over a civil action, it may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

31. Plaintiff brings identical claims on behalf of the putative class based on substantially the same set of facts, thus the putative class members' claims are a part of "the same case or controversy" as Plaintiff's claims.

32. Accordingly, because this Court has diversity jurisdiction over Plaintiff's claims, it may exercise supplemental jurisdiction over the putative class members' claims pursuant to 28 U.S.C. § 1367. *See Shah,* 425 F. App'x at 125 (reversing district court's remand of class action where it properly determined that it had diversity jurisdiction over named plaintiff's claims and instructing that "the Court shall exercise jurisdiction over [named plaintiff's] claim and, in its discretion, determine anew whether to exercise supplemental jurisdiction over the claims over which it does not have original jurisdiction[.]").

## PROCEDURAL REQUIREMENTS

33. Venue is proper in the United States District Court for the Western District of Pennsylvania, Pittsburgh division because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 118(c); 28 U.S.C. § 1441(a).

34. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve a copy of this Notice of Removal on Plaintiff's counsel and file a copy with the Clerk of Courts for the State Court.

35. By removing this action, Defendant does not admit any of the allegations in the Complaint. Indeed, Defendant expressly denies all claims of liability and damages asserted in the Complaint.

36. This removal is made without waiver of any defenses or affirmative defenses, including those provided under Fed. R. Civ. P. 12, or Defendant's right to move for dismissal, on substantive or procedural grounds, of any cause of action asserted in the Complaint.

**WHEREFORE**, Defendant hereby removes this civil action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania. No further proceedings shall take place in the State Court.

Dated: September 24, 2020

Respectfully submitted,

REED SMITH LLP

/s/ Christopher S. Bouriat
Catherine S. Ryan (PA ID 78603)
Christopher S. Bouriat (PA ID 324004)
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, Pennsylvania 15222
T:(412) 288-4226/4119
F:(412) 288-3063
E:cryan@reedsmith.com
　cbouriat@reedsmith.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 24, 2020, a copy of the foregoing *Notice of Removal* was served upon counsel for Plaintiff by email and by placing said copy in the United States mail, postage prepaid, addressed to:

>Sean L. Ruppert, Esq.
>RUPPERT MANES NARAHARI, LLC
>US Steel Building, 48th Floor
>600 Grant Street, Suite 4875
>Pittsburgh, PA 15219
>SR@RMN-Law.com

>*/s/ Christopher S. Bouriat*
>*Attorney for Defendant*