# EXHIBIT A

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

__Allegheny__ County

*For Prothonotary Use Only:*

Docket No:

TIME STAMP

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

**Lead Plaintiff's Name:** Ryan Copley
**Lead Defendant's Name:** Evolution Well Services, LLC

**Are money damages requested?** [x] Yes  [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

**Is this a Class Action Suit?** [x] Yes  [ ] No
**Is this an MDJ Appeal?** [ ] Yes  [x] No

**Name of Plaintiff/Appellant's Attorney:** Sena L. Ruppert, Esq.

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability (does not include mass tort)
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** (do not include Judgments)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [x] Other: Pennsylvania Minimum Wage Act

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

    **Rule 205.5.**    **Cover Sheet**

    (a)(1)  This rule shall apply to all actions governed by the rules of civil procedure except the following:

        (i)    actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

        (ii)    actions for support, Rules 1910.1 et seq.

        (iii)    actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

        (iv)    actions for divorce or annulment of marriage, Rules 1920.1 et seq.

        (v)    actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

        (vi)    voluntary mediation in custody actions, Rules 1940.1 et seq.

    (2)  At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

    (b)  The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

    (c)  The prothonotary shall assist a party appearing pro se in the completion of the form.

    (d)  A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

    (e)  The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **RYAN COPLEY,**<br>Individually, and on behalf of all those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**EVOLUTION WELL SERVICES, LLC,**<br><br>Defendant. | CIVIL DIVISION<br><br>Case No.<br><br><br><br><br><br>**COMPLAINT – CLASS ACTION**<br><br><br>Filed on Behalf of the Plaintiff:<br>Ryan Copley<br><br>**JURY TRIAL DEMANDED**<br><br>COUNSEL OF RECORD THIS PARTY: |

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents

_____
Sean L. Ruppert, Esq.

**Sean L. Ruppert, Esq.**
SR@RMN-Law.com
**Direct: (412) 626-5550**

**David M. Manes, Esq.**
DM@RMN-Law.com
**Direct: (412) 626-5570**

**Prabhu Narahari, Esq.**
PN@RMN-Law.com
**Direct: (412) 626-5585**

**RUPPERT MANES NARAHARI, LLC**
US Steel Building, 48th Floor
600 Grant St, Suite 4875
Pittsburgh, PA 15219

IN THE COURT OF COMMON PLEAS OF ALLEGHNEY COUNTY, PENNSYLVANIA

**RYAN COPLEY,**
Individually, and on behalf of all those similarly situated

    Plaintiff,

v.

**EVOLUTION WELL SERVICES, LLC,**

    Defendant.

CIVIL DIVISION

Case No.

### NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**LAWYER REFERRAL SERVICE**
**Allegheny County Bar Association**
**11th Floor Koppers Building**
**436 Seventh Ave.**
**Pittsburgh, PA 15219**
**Telephone: (412) 261-5555**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

**RYAN COPLEY,**
Individually, and on behalf of all those similarly situated

        Plaintiff,

v.

**EVOLUTION WELL SERVICES, LLC,**

        Defendant.

CIVIL DIVISION

Case No.

## **COMPLAINT – CLASS ACTION**

AND NOW COMES the Plaintiff, Ryan Copley, by and through his attorney, Sean L. Ruppert, Esq. of Ruppert Manes Narahari LLC, and respectfully submits this Class Action Complaint on behalf of himself and all those similarly situated, averring as follows:

### **SUMMARY**

1. This action is brought to recover unpaid overtime wages unlawfully withheld from Plaintiff Ryan Copley and all those similarly situated by the Defendant, Evolution Well Services, LLC which knowingly refused to pay its workers' wages earned after its mandatory reporting time that they were entitled to under the Pennsylvania Minimum Wage Act.

### **PARTIES**

2. Plaintiff, Ryan Copley, is an adult individual and Pennsylvania resident.

3. Defendant, Evolution Well Services is a Delaware LLC who regularly performs business in Allegheny County, PA.

4. Defendant paid Plaintiff on a regular payroll basis, based upon the number of hours he worked per week, in exchange for duties performed by the Plaintiff, and for the Defendant, within its regular course of the Defendant's business. All hours and locations of work were dictated by the Defendant.

5. Defendant therefore constitutes an employer, and Plaintiff an employee, within the meaning of the Pennsylvania Minimum Wage Act.

## CLASS ACTION ALLEGATIONS

6. This action is brought by Mr. Copley on his own behalf and as a representative of the proposed class consisting of all employees of Evolution Well Services who were required to report to a designated company location to begin their day, and did not receive appropriate compensation for any of the time between the mandatory reporting time, and the beginning of their next work task.

7. The Class is so numerous that joinder of all members is impractical. Although the exact size of the Class is currently unknown, membership in the Class potentially numbers in excess of 5-10 individuals.

8. Key questions of fact and law are common to all members of the Class, which predominate over any questions which affect only individual members of the Class, including *inter alia,* the following:

   a. Whether employees of Evolution Well Services had begun their workday at the time when they reported to a designated location for the Defendant at a designated time set by the Defendant in order to be transported by the Defendant to and from their location of work;

      b. Whether Evolution Well Services withheld pay despite employees' entitlement to the same; and,

      c. Whether Evolution Well Services acted knowingly when they decided not to pay employees for those hours.

9. Mr. Copley's claims are typical of the claims of the other members of the Class which he seeks to represent, in that all similarly situated individuals were not paid for the time that they were being transported to and from their work location after being required to arrive at a mandatory time and location by the Defendant.

10. Mr. Copley will fairly and adequately protect the interests of the members of the Class, and Mr. Copley has no interests which are adverse to the interests of the Class. This is evidenced by the fact that any rulings in favor of Mr. Copley would be rulings that would benefit any other member of the Class.

11. Mr. Copley has retained competent class action counsel.

12. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members of the Class is impracticable. Even if individual Class members could afford to pursue their own individual cases,

      a. it would be unduly burdensome to the courts,

      b. it would result in significant delays, and

      c. it would increase expenses to all parties.

13. In the interest of judicial economy, a class action is the appropriate method to bring this action.

## FACTS

14. Mr. Copley worked for Evolution Well Services as an employee.

15. As an employee of Evolution Well Services, Mr. Copley was subject to a number of requirements including;

    a. Living in housing which was owned and provided by the Defendant when on-call;

    b. Reporting every morning to a designated pickup location determined by Defendant, and at a time prescribed by Defendant;

    c. Being transported by the Defendant to the location where he was to complete the day's work; and

    d. Reporting to the designated pickup location to be brought back to the company-owned housing.

16. On any average day, Mr. Copley would be required to arrive at the pickup location, where and others would be transported to a location determined by the Defendant

17. This daily drive would take upwards of an hour on average.

18. This process was repeated, in reverse, at the end of each workday as well.

19. Mr. Copley had no option to choose to live closer to the worksite, nor did he have the option to transport himself to the worksite.

20. By all accounts, Defendant, through its mandatory arrival time and strict control of the transportation arrangements, required Mr. Copley to report to work and start his day by showing up to the pick up point.

21. This pick up point was the start of Mr. Copely's work day, and the subsequent commute via company mandated transport was time that Mr. Copley was "clocked in" for,

however he was not paid for any time during this commute, again equaling up to 2 hours per day on average.

22. Evolution Well Services did pay the operators of the company vehicles for the time that they were driving Mr. Copley and others to and from the worksite however.

23. Because this was time that Mr. Copley was on the job, it was time to which he was entitled compensation.

24. Defendant knowingly and purposefully failed to pay Mr. Copley for the time that they required him to be transported him to and from the site each day.

25. Defendant Evolution Well Services employs a significant number of other employees like Mr. Copley.

26. Upon information and belief, Defendant adopted a common policy of refusing to pay appropriate compensation to all its employees.

27. Upon information and belief, Defendant has acted willfully in refusing to pay appropriate compensation to all its employees for time worked.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT
### 34 Pa. Code § 231.1 – Hours Worked

28. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

29. The Pennsylvania Minimum Wage Act requires that all employees shall be paid for hours worked for the benefit of the employer. *34 Pa.Code §231.21*

30. Defendant Evolution Well Services is an employer under the Pennsylvania Minimum Wage Act.

31.     Pursuant to the terms of the Minimum Wage Act, time is considered to be "hours worked" if the employee is required "to be on duty or at the prescribed work place, [or] time spent in traveling as part of the duties of the employee..." *34 Pa. Code §231.1*

32.     Plaintiff is an employee under the Pennsylvania Minimum Wage Act, and was required to report at a specified time by the employer, where he would then be transported by the employer as a part of his job duties.

33.     All members of the Class are employees under the Pennsylvania Minimum Wage Act, and were required to report at a specified time by the employer, where they would then be transported by the employer as a part of their job duties.

34.     Plaintiff and all members of the Class worked significant hours for Defendant Integrity and have not been compensated as is required by Pennsylvania law.

35.     Plaintiff and all members of the Class have suffered monetary damages as a result of Defendant Evolution Well Service's violations of the Pennsylvania Minimum Wage Act.

WHEREFORE, Plaintiff demands judgment in favor of himself and all those similarly situated and against Defendant, in excess of the arbitration limits, including: 1) full back pay for all hours not compensated to date, 2) pre-judgment interest, 3) all costs associated with this litigation, including reasonable attorneys' fees, 4) injunctive relief prohibiting the Defendant from violating the Pennsylvania Minimum Wage Act in the future, and 5) any other relief which the Court deem necessary and proper.

**COUNT II – VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT**
**34 Pa. Code § 231.42-43 – Unpaid Overtime**

36.     The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

37. The Pennsylvania Minimum Wage Act requires that all employees shall be paid no less than 1.5 times their regular rate of pay for all time worked in excess of 40 hours in a workweek. *34 Pa. Code 231.42-43*

38. Defendant Evolution Well Services is an employer under the Pennsylvania Minimum Wage Act.

39. Plaintiff is a non-exempt employee under the Pennsylvania Minimum Wage Act.

40. All members of the Class are non-exempt employees under the Pennsylvania Minimum Wage Act.

41. When the time between his reporting to the designated location for transport and his arrival at the jobsite and his subsequent transport at the end of the day is added to Mr. Copley's number of hours worked, the total surpasses 40 hours worked in one week.

42. By not paying Plaintiff Copley for said time, Defendant Evolution Well Services failed to pay overtime hours owed to Plaintiff at a rate of 1.5 times his standard rate.

43. Plaintiff and all members of the Class worked significant overtime hours for Defendant Evolution Well Services and have not been compensated at the time-and-a-half rate that is required by Pennsylvania law.

44. Plaintiff and all members of the Class have suffered monetary damages as a result of Defendant Integrity's violations of the Pennsylvania Minimum Wage Act.

WHEREFORE, Plaintiff demands judgment in favor of himself and all those similarly situated and against Defendant, in excess of the arbitration limits, including: 1) full back pay for all hours not compensated to date, 2) pre-judgment interest, 3) all costs associated with this litigation, including reasonable attorneys' fees, 4) injunctive relief prohibiting the Defendant

from violating the Pennsylvania Minimum Wage Act in the future, and 5) any other relief which the Court deem necessary and proper.

### COUNT III – VIOLATION OF THE WAGE PAYMENT COLLECTIONS LAW
### 43 Pa C. S. §260.3 – Failure to Pay Wages on Schedule

45. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

46. The WPCL requires that all employers pay all wages due to employees on regular paydays designated in advance by the employer.

47. The WPCL defines "wages" as "all earnings of an employee, regardless of whether determined on time, task, piece, commission, or other method of calculation."

48. Defendant entered into an agreement with Plaintiff and all those similarly situated to pay wages based on a certain base rate and then failed to pay for all time worked.

49. Defendant further violated the WPCL by failing to make these wage payments at 1.5 times Plaintiff's normal rate.

50. To date, Plaintiff has not received the adequate compensation that he is owed by Defendant.

51. Plaintiff and all members of the Class have suffered monetary damages as a result of Defendant's violations of the WPCL.

WHEREFORE, Plaintiff demands judgment in favor of himself and all those similarly situated and against Defendant, in excess of the arbitration limits, including: 1) full back pay for all hours not compensated to date, 2) liquidated damages as allowed under the WPCL, 3) pre-judgment interest, 4) all costs associated with this litigation, including reasonable attorneys' fees,

5) injunctive relief prohibiting the Defendant from violating the WPCL in the future, and 6) any other relief which the Court deem necessary and proper.

        Respectfully Submitted,

        _____
        **Sean L. Ruppert, Esq.**
        **RUPPERT MANES NARAHARI, LLC**
        US Steel Building, 48th Floor
        600 Grant St, Suite 4875
        Pittsburgh, PA 15219
        412-626-5550 Direct
        412-650-4845 Fax
        SR@RMN-Law.com

**VERIFICATION**

I, Ryan Copley, make this verification and state the averments of fact set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

I understand that the statements therein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

_____
Ryan Copley

_____08/25/2020_____
Date