IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN COPLEY, INDIVIDUALLY, AND ON BEHALF OF ALL THOSE SIMILARLY SITUATED; <br><br> Plaintiff, <br><br> vs. <br><br> EVOLUTION WELL SERVICES, LLC, <br><br> Defendant. | 2:20-CV-1442-CCW |

## MEMORANDUM OPINION AND ORDER

AND NOW, this 16th day of November, 2020, upon consideration of Plaintiff Ryan Copley's Motion to Remand Case to Allegheny Court of Common Please ("Motion to Remand"), ECF No. 7, Defendant Evolution Well Services, LLC's[1] Motion for Leave to File Amended Notice of Removal ("Motion to Amend"), the briefing and record before the Court, and for the reasons stated below, Defendant's motion is hereby GRANTED and Plaintiff's motion is DENIED.

**I.     Background**

Plaintiff instituted this putative class action in the Court of Common Pleas of Allegheny County on August 25, 2020 at docket number GD-20-009129, alleging violations of the Pennsylvania Minimum Wage Law and the Pennsylvania Wage Payment Collections Law. *See* ECF No. 1 at ¶¶ 1-2 and Ex. A.  Defendant was served with the complaint on September 4, 2020,

---

[1] Defendant avers that, as Plaintiff's employer, the proper party to this action is Evolution Well Services Operating, LLC, not Evolution Well Services, LLC. But, as set forth by Defendant in its Motion to Amend and Amended Notice of Removal, both entities are sole-member Delaware LLCs with the same member, Evolution Well Services Holdings, LLC, which is itself a Delaware LLC.  Thus, these two Evolution entities have identical citizenship.

and then timely removed this action on September 24, 2020 on the basis of diversity jurisdiction. *See* ECF No. 1 at ¶ 3; 28 U.S.C. §§ 1332, 1441 and 1446.

Plaintiff moved to remand the case to state court on October 20, 2020, on the sole ground that Defendant failed to properly plead diversity jurisdiction. ECF No. 7 at ¶ 4. Plaintiff correctly points out that Defendant's Notice of Removal sets forth a facially defective basis for diversity jurisdiction. *See* ECF No. 8 at 3-4. In short, Defendant incorrectly pled facts relevant to the citizenship of a corporation—i.e., Defendant's state of incorporation and principal place of business—rather than properly pleading its citizenship as a limited liability company—i.e. the citizenship of each of its members. *Id.*; *see also Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F3d 412, 420 (3d Cir. 2010) ("[T]he citizenship of an LLC is determined by the citizenship of its members.").

Plaintiff further urges that this defect is fatal to Defendant's effort to remove the case to federal court because "the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." ECF No. 8 at 2; *see also, Steel Valley Authority v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citing 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")).

On October 28, 2020, Defendant moved for leave to amend its Notice of Removal to cure the pleading deficiency Plaintiff had identified and to "clarify the citizenship of its sole member in order for this Court to confirm that complete diversity exists." ECF No. 11 at ¶ 6.[2] Defendant's Opposition to Plaintiff's Motion to Remand, filed October 30, 2020, argues that Plaintiff's motion should be denied because complete diversity existed at the time of removal

---

[2] In accordance with Fed. R. Civ. P. 15(a)(2), Defendant sought Plaintiff's consent to permit it to amend its Notice of Removal, which Plaintiff declined to give.

and Defendant's Amended Notice of Removal, if permitted, would cure the pleading defect identified by Plaintiff.  *See* ECF No. 16.

This Court set a deadline of November 5, 2020, for Plaintiff to respond to Defendant's Motion to Amend.  ECF No. 13.  Plaintiff also could have filed a Reply in support of his Motion to Remand on or before November 6, 2020, consistent with this Court's Practice and Procedures.  Plaintiff did not filed either a response to Defendant's Motion to Amend or a Reply in support of his Motion to Remand.  Both motions are now ripe for disposition.

**II.     Analysis**

Federal courts have original jurisdiction in cases between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1).  While a corporation is a citizen of the state of its incorporation and the state where its principal place of business is located, a limited liability company is a citizen of every state of which its members are citizens.  *Zambelli,* 592 F.3d at 420.  Furthermore, "as with partnerships, where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC."  *Id.* (quoting *Hart v. Terminex Int'l,* 336 F.3d 541, 543 (7th Cir. 2003)).  Any single member of the limited liability company at any layer of the corporate structure with citizenship in common with the plaintiff is enough to defeat diversity jurisdiction.  *Id.* (tracing citizenship of members through multiple layers of LLCs and finding diversity lacking).

A defendant may remove a case to federal court on the basis of diversity jurisdiction.  28 U.S.C. § 1441.  In support, the defendant's notice of removal must contain "a short plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  This requirement parallels the general pleading standard set out by Fed. R. Civ. P. 8(a), and courts "should 'apply the same

liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (citation omitted).

Under the federal rules, leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Further, under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Accordingly, defective allegations of jurisdiction may be amended to rectify "incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman-Green, Inc., v. Alfonzo Larrain,* 490 U.S. 826, 831 (1989). That is, amendment is permissible if it does not add new jurisdictional facts or rely on a basis of jurisdiction different from the one originally alleged. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204-05 (3d Cir. 2003) (holding that amendment to notice of removal is permissible to clarify basis for jurisdiction).

Finally, although "the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand," *Steel Valley Authority,* 809 F.2d at 1010, courts have "upheld removal where jurisdictional facts required to support the removal were found in later-filed affidavits rather than in the notice of removal" where "those facts merely clarify (or correct technical deficiencies in) the allegations already contained in the original notice." *USX Corp.*, 345 F.3d at 205 n.12 (citing *Willingham v. Morgan,* 395 U.S. 402, 407 n.3 (1969) ("This material should have appeared in the petition for removal. However, for purposes of this review it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits.")).

In its original Notice of Removal, Defendant asserts that it is a citizen of Delaware and Texas. *See* ECF No. 1 at ¶ 8. In its Motion to Amend and proposed Amended Notice of Removal, Defendant pleads that it is a sole-member Delaware LLC. *See* ECF No. 11 at ¶ 8a;

ECF No. 11-1 at ¶¶ 10-11.  Defendant's only member is itself a sole-member Delaware LLC, which, through a string of sole-member Delaware LLCs, has as its ultimate parent a Delaware corporation, which maintains its principal place of business in Texas.  *See* ECF No. 11 at ¶ 8; 11-1 at ¶¶ 10-17.  Defendant further substantiates these jurisdictional facts by supplying a declaration from its corporate parent's Director of Human Resources and certified records from the Delaware Secretary of State for the entity at each layer in the corporate structure.  *See* ECF 11-1 at Ex. 1C-1J.

Accordingly, Defendant is a citizen of Delaware and Texas—as it claimed when it first removed this case to federal court.  It is not disputed that Plaintiff is a citizen of Pennsylvania.  Therefore, complete diversity exists between the parties, and this case is properly within this Court's jurisdiction.  Defendant's proposed amendment only seeks to cure "incorrect statements about jurisdiction that actually exists," and leave to file an amended notice should therefore be given in accordance with Fed. R. Civ. P. 15(a)(2).  Finally, because Defendant's Amended Notice of Removal will correctly set forth its citizenship and sufficiently establish the basis for diversity jurisdiction in this case, Plaintiff's Motion to Remand is moot.

**III.    Conclusion**

For the foregoing reasons, Defendant's Motion for Leave to Amend is hereby GRANTED.  Defendant shall file its Amended Notice of Removal on or before November 20, 2020.  Because Defendant's Amended Notice of Removal is free from the pleading defects identified in Plaintiff's Motion to Remand, that motion is hereby DENIED.

DATED this 17th day of November, 2020.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record