**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RYAN COPLEY; PAT MCGEENEY; and JOE TILLEY, individually and on behalf of all others similarly situated, | Case No. 2:20-cv-01442 |
| Plaintiffs, | Judge Christy Criswell Wiegand |
| v. | JURY TRIAL DEMANDED |
| EVOLUTION WELL SERVICES LLC and EVOLUTION WELL SERVICES OPERATING LLC, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| Defendants. | |

## SECOND AMENDED CLASS ACTION COMPLAINT

AND NOW come the Plaintiffs, RYAN COPLEY, PAT MCGEENEY, and JOE TILLEY (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, and file this Second Amended Complaint, alleging as follows:

## INTRODUCTION

1.    Plaintiffs bring this action to recover damages under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C §201, *et seq.*, and the wage and hour laws—or, alternatively, the common law—of Pennsylvania and Ohio.

2.    Plaintiffs allege that Defendants Evolution Well Services, LLC and Evolution Well Services Operating, LLC (collectively "Defendants") willfully and purposely failed to pay them, and those similarly situated to them, wages, including minimum and overtime wages, in violation of the law. Plaintiffs seek, for themselves and those similarly situated, back wages (including regular and overtime), liquidated damages, and reasonable attorneys' fees and costs of this action from Defendants.

3.     Defendants deliberately refused to compensate Plaintiffs and others similarly situated for time spent engaged in work while meeting at and traveling from Defendants' preselected meeting spot to Defendants' physical job sites, and vice versa. Defendants also failed to compensate Plaintiffs and other similarly situated employees for time spent traveling to and from employer-controlled housing at remote works, time spent completely mandatory training, and time spent traveling to and from orientation.

4.     This unpaid work time, including overtime, consists of several hours per week for each Plaintiff and similarly situated individual.

## SUMMARY OF CLAIMS

5.     Plaintiffs bring this action as a collective action to recover unpaid wages, pursuant to the FLSA.

6.     In particular, Plaintiffs bring this suit on behalf of the following similarly situated persons:

> All current and former hourly employees who have worked for Defendants within the statutory period covered by this Complaint and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective Class").

7.     In addition, Plaintiffs bring this action as a state-wide class action to recover unpaid wages, including straight time and overtime, pursuant to the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101 *et seq*., Pennsylvania's Wage Payment and Collection Law ("WPCL") 43 P.S. § 260.1, *et seq*., or, alternatively, Pennsylvania common law (collectively, "PA State Laws").

8.     Specifically, Plaintiffs bring this suit on behalf of the following class of similarly situated persons:

> All current and former hourly employees who have worked for Defendants in the Commonwealth of Pennsylvania during the statutory period covered by this Complaint (the "PA Class").

9.      In addition, Plaintiffs bring this action as a state-wide class action to recover unpaid wages, including overtime and unpaid straight time, pursuant to the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code § 4111.03, the Ohio Wage Prompt Pay Law ("OPPA"), Ohio Rev. Code § 4113.15, or, alternatively, Ohio common law (collectively, "Ohio State Laws").

10.      Specifically, Plaintiffs bring this suit on behalf of themselves and a class of similarly situated persons composed of:

> All current and former hourly employees who have worked for Defendants in the State of Ohio during the statutory period covered by this Complaint (the "Ohio Class").

11.      The Collective Class, PA Class, and Ohio Class are hereafter collectively referred to as the "Classes."

12.      Plaintiffs allege on behalf of themselves and the Collective Class that they are: (i) entitled to unpaid overtime wages, including any uncompensated straight wages, from Defendants for hours worked in excess of forty hours per week and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

13.      Plaintiffs allege on behalf of the PA Class that Defendants violated PA State Laws by failing to comply with the overtime provisions of the PMWA, including any uncompensated minimum wages, and failing to pay appropriate wages to the PA Class, as agreed, pursuant to the WPCL. To the extent that Defendants disavow an agreement to pay Plaintiffs and the PA Class appropriate wages under PA statutory law, Plaintiffs alternatively allege on behalf of themselves

and the PA Class that Plaintiffs are entitled to payments from Defendants under theories of unjust enrichment and quantum meruit.

14.     Plaintiffs allege on behalf of themselves and the Ohio Class that Defendants violated Ohio State Laws by failing to comply with the overtime provisions of the OMFWSA, including any uncompensated minimum wages, and failing to pay the Ohio Class as required by the OPPA. To the extent that Defendants disavow an agreement or obligation to pay Plaintiffs and the Ohio Class wages under Ohio statutory law, Plaintiffs alternatively allege on behalf of themselves and the Ohio Class that Plaintiffs are entitled to payments from Defendants under theories of unjust enrichment and quantum meruit.

## PARTIES

15.     Defendant Evolution Well Services, LLC is a Delaware corporation and is headquartered in Montgomery County, Texas and is a citizen of both Texas and Delaware. Evolution Well Services, LLC has a regular place of business in the Western District of Pennsylvania.

16.     Defendant Evolution Well Services Operating, LLC is a Delaware corporation and is headquartered in Montgomery County, Texas and is a citizen of both Texas and Delaware. Evolution Well Services Operating, LLC has a regular place of business in the Western District of Pennsylvania.

17.     Plaintiff Ryan Copley is an adult individual and is a citizen of the state of West Virginia. Plaintiff Copley worked for Defendants as a Low Medium Voltage Electrician from April 22, 2019 through August 6, 2020 and worked on Defendants' job sites in Pennsylvania and Ohio.

18.     Pursuant to Section 216(b) of the FLSA, Plaintiff Copley has consented in writing to be a plaintiff in this action.

19.     Plaintiff Pat McGeeney is an adult individual and is a citizen of the state of West Virginia. Plaintiff McGeeney worked for Defendants as a Medium Voltage Electrician from approximately February 2019 to January 1, 2021 and worked on Defendants' job sites in Pennsylvania and Ohio.

20.     Pursuant to Section 216(b) of the FLSA, Plaintiff McGeeney has consented in writing to be a plaintiff in this action.

21.     Plaintiff Joe Tilley is an adult individual and is a citizen of the state of West Virginia. Plaintiff Tilley worked for Defendants as an Equipment Operator from approximately April 2019 through November 2020 and worked on Defendants' job sites in Pennsylvania and Ohio.

22.     Pursuant to Section 216(b) of the FLSA, Plaintiff Tilley has consented in writing to be a plaintiff in this action.

23.     At all times relevant, Defendants maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including with respect to the timekeeping, payroll, and other employment practices that applied to them.

24.     Defendants apply the same employment policies, practices, and procedures to all hourly employees at all Defendants' locations in Pennsylvania and Ohio, including policies, practices, and procedures with respect to the payment of straight time and overtime compensation.

25.     At all times relevant, Defendants' annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

26.     This action arises under the FLSA as well as Pennsylvania and Ohio wage and hour law and common law.  This Court has subject matter jurisdiction over Plaintiffs' FLSA claims

pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

27.     Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

28.     Defendants are subject to personal jurisdiction in Pennsylvania. Defendants have significant and systemic contacts with Pennsylvania directly related to the claims alleged herein, including employment of Plaintiffs at job locations within the state, and operating and servicing resource extraction sites located within the state.

## FACTS

29.     Plaintiffs and members of the Classes were employed by Defendants in the regular course of Defendants' business.

30.     Plaintiffs and members of the Classes worked at remote locations away from their homes in two week "hitches," on a two-week-on, two-week-off schedule. Defendants' hitches began on Thursdays.

31.     Once arriving for a hitch, Plaintiffs and members of the Classes, resided in employer housing, either apartments or hotels.

32.     During their two-week hitches, Plaintiffs and members of the Classes worked one shift each day, for a total of fourteen shifts per hitch.

33.     During hitches, Plaintiffs and members of the Classes worked either the day shift, from 6 a.m. to 6 p.m., or the night shift, from 6 p.m. to 6 a.m.

34.     The assignment to either day or night shift rotated, either by hitch or by another period of time determined by Defendants.

35.     Plaintiffs and members of the Classes were paid for mileage or flights to travel to the employer housing at each remote work location, as well as per diem amounts during travel, but did not receive wages for their travel time to the remote work locations, regardless of when such travel occurred.

36.     In addition to failing to compensate Plaintiffs and members of the Classes for travel to and from the employer housing at the remote locations, Defendants also failed to compensate Plaintiffs and members of the classes for their travel time to employer-required orientation.

37.     Plaintiffs and members of the Classes were not permitted to remain in employer housing after their hitches ended, and so they would return home while waiting for their next hitch.

38.     During the two-week "on" period of each hitch, Plaintiffs and similarly situated employees were subject to a number of Defendants' requirements including:

a)  Living in housing which was owned and provided by the Defendants;

b)  Reporting every morning to a designated pickup location determined by Defendants, and at a time prescribed by Defendants;

c)  Being transported by Defendants to the location of the physical job site (hereinafter the "pad"); and

d)  Reporting to the designated pickup location to be brought back to the company-owned housing.

39.     On an average day, Plaintiffs and members of the Classes were required to arrive at the employer-selected pickup location, and from there, they and others were transported to the pad.

40.     This pickup location was close to the employer-provided housing. For example, during some of Plaintiffs' hitches, the pickup location was the office of the employer-provided housing.

41.     Prior to departing from the pickup location, Plaintiffs and members of the Classes often participated in fifteen-to-twenty-minute meetings with coworkers, during which they would take calls from supervisors, discuss the work that was to be completed that day, submit to random drug testing, and submit to daily temperature checks (after the beginning of the COVID-19 pandemic).

42.     The daily drive from Defendants' designated pickup spot to the pad would take at least an hour, on average.

43.     During this daily drive, Plaintiffs and members of the Classes engaged in work activities, including fielding phone calls from supervisors, discussing the tasks that needed to be completed during that day's shift, and picking up supplies from warehouses and stores for the work site.

44.     This process was repeated, in reverse, at the end of each workday.

45.     Plaintiffs were not permitted to transport themselves to and from the worksite.

46.     Defendants, through their mandatory arrival time at the pickup locations and strict control of the transportation arrangements, required Plaintiffs to report to work and start their workday by showing up to Defendants' preselected pick-up point.

47.     This pick-up point was the start of Plaintiffs workday and the subsequent commute via company-mandated transport was time that Plaintiffs were engaged in work for Defendants.

48.     Prior to March 5, 2020, Defendants paid Plaintiffs and members of the Classes for the time spent traveling between the pre-selected pickup point to and from the work site.

49.     On or about March 12, 2020, Defendants notified Plaintiffs that Defendants would cease paying their employees for this time, and that this policy change was being backdated to March 5, 2020.

50.     Despite the fact that Plaintiffs and Defendants had an agreement that Plaintiffs and other members of the Classes would be paid for the time spent traveling between the pre-selected pickup point and the work site, Defendants failed to pay for this time.

51.     Defendants paid the operators of the company vehicles for the time they spent driving Plaintiffs and the members of the Classes to the job sites.

52.     Defendants resumed paying their employees for this working commute time at approximately the beginning of January 2021.

53.     Defendants knowingly and purposefully failed to pay Plaintiffs and members of the Plaintiff Classes for time spent engaged in work prior to and during commuting from the employer-selected meeting spot to the pad.

54.     In addition to the uncompensated time spent engaging in work for Defendants prior to and during travel to and from the pads, Plaintiffs and members of the Classes were also uncompensated for time spent on required safety training.

55.     Plaintiffs were required to complete a certain number of hours of safety training each quarter. Failure to complete the training could result in disciplinary action, including, but not limited to, loss of bonus pay.

56.     Plaintiffs were not given time during work to complete this mandatory training and were often forced to complete the training on their own time, without compensation.

57.     Upon information and belief, there are hundreds of individuals who are or were employed in similar positions to Plaintiffs.

58.     Upon information and belief, Defendants adopted a common policy of refusing to pay legally required compensation to all its employees.

59.     Upon information and belief, Defendants have acted willfully in refusing to pay appropriate compensation to all its employees for time worked.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

60.     Plaintiffs bring this action on behalf of the FLSA Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).  Plaintiffs also bring this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the Pennsylvania and Ohio Classes for claims under Pennsylvania and Ohio state laws.

61.     The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).  The claims brought pursuant under Pennsylvania and Ohio state laws may be pursued by all similarly situated persons who do not opt out of each individual state class pursuant to Fed. R. Civ. P. 23.

62.     Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable.  While the exact number of the members of these Classes is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery, Plaintiffs believe there are over one hundred individuals in each of the Classes.

63.     Defendants have acted or has refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

64.     The claims of Plaintiffs are typical of the claims of the Classes they seek to represent.  Plaintiffs and the members of the Classes work or have worked for Defendants and

were subject to the same compensation policies and practices, including not being compensated for all hours worked.

65.     Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     Whether employees of Defendants began their workday when they reported at a time and designated by Defendants in order to be transported by the Defendants to and from the pad locations;

(b)     Whether Defendants withheld pay despite employees' entitlement to the same;

(c)     Whether Defendants acted knowingly when they decided not to pay employees for those hours.

(d)     whether Plaintiffs and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

(e)     whether Plaintiffs and members of the Classes are entitled to restitution and/or liquidated damages; and

(f)     whether Defendants are liable for attorneys' fees and costs.

66.     Plaintiffs will fairly and adequately protect the interests of the Classes, as their interests are aligned with those of the members of the Classes.  They have no interests adverse to the Classes they seek to represent, and they have retained competent and experienced counsel.

67.     The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.  The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

68.     Plaintiffs and the Classes they seek to represent have suffered and will continue to suffer irreparable damage from Defendants' illegal pay policies, practices, and customs.

69.     Defendants have acted willfully and have engaged in a continuing violation of the FLSA and State Laws.

## CAUSES OF ACTION

### COUNT I
**VIOLATION OF THE FLSA**
**Failure to Compensate for All Hours Worked**
*All Plaintiffs (on behalf of themselves, and all those similarly situated) v. Defendants*

70.     The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

71.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Second Amended Class and Collective Action Complaint.

72.     At all relevant times, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

73.     At all relevant times, Defendants employed Plaintiffs and the FLSA Collective.

74.     At all relevant times, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

75.     At all times relevant, Plaintiffs and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

76.     The overtime wage provisions set forth in the FLSA apply to Defendants.

77.     Defendants have failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

78.     Defendants' violations of the FLSA, as described in this Amended Class and Collective Action Complaint, have been willful and intentional.

79.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

80.     In addition to mandating overtime compensation, the FLSA requires that all straight time (also known as gap time) must be compensated for hours worked under 40 hours per week. *See* 29 C.F.R. § 778.315 ("The extra compensation for the excess hours of overtime work under the Act cannot be said to have been paid to an employee unless all the straight time compensation due him for nonovertime hours under his contract (express or implied) or under any applicable statute have been paid.")

81.     By requiring Plaintiffs to work off the clock, Defendants failed to pay Plaintiffs appropriately for all hours worked, including both unpaid straight time wages and unpaid overtime wages.

82.     As a result of the unlawful acts of Defendants, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, other compensation pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## COUNT II
### VIOLATION OF THE PMWA
### Failure to Compensate for All Hours Worked
*All Plaintiffs (on behalf of themselves, and all those similarly situated) v. Defendants*

83.     The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

84.     Defendants engaged in a widespread pattern, policy, and practice of violating the PMWA, as detailed in this Second Amended Class and Collective Action Complaint.

85.     At all relevant times, Defendants have been employers within the meaning of PMWA.

86.     At all times relevant, Plaintiffs and the members of the PA Class have been employees of Defendants within the meaning of the PMWA.

87.     Plaintiffs and the PA Class are covered by the PMWA.

88.     In willful violation of the PMWA, Defendants failed to promptly pay all wages, including straight time and all overtime wages for all overtime hours worked, earned by Plaintiffs and the PA Class.

89.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the PA Class have sustained damages, including loss of straight time and overtime earnings for hours worked for Defendants, in an amount to be established at trial, reasonable attorneys' fees and costs of this action, liquidated and other damages as provided by the PMWA, prejudgment and post-judgment interest, injunctive and declaratory relief, and such other legal and equitable relief as the Court deems just and proper.

<u>**COUNT III**</u>
**VIOLATION OF THE WPCL**
**43 Pa C. S. §260.3 – Failure to Pay Wages on Schedule**
*All Plaintiffs (on behalf of themselves, and all those similarly situated) v. Defendants*

90.     The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

91.     The WPCL requires that all employers pay all wages due to employees on regular paydays designated in advance by the employer.

92.     The WPCL defines "wages" as "all earnings of an employee, regardless of whether determined on time, task, piece, commission, or other method of calculation."

14

93.    Defendants entered into an agreement with Plaintiffs and all those similarly situated to pay wages in compliance with the FLSA as well as Pennsylvania wage and hour laws.

94.    In addition to the agreement that Defendants would comply with federal and state wage and hour law, until March 12, 2020, Defendants and their employees had agreed that the employees would be paid for time spent commuting from the employer-provided housing to the pad and vice versa. On March 12, 2020, Defendants informed Plaintiffs and the FLSA Collective that hourly employees would no longer be compensated for this commute time and that this policy change would be enacted retroactively, starting March 5, 2020.

95.    To date, Plaintiffs and all members of the PA Class have not received the agreed upon compensation that they are owed by Defendants.

96.    Plaintiffs and all members of the PA Class have suffered monetary damages as a result of Defendants' violations of the WPCL.

**<u>COUNT IV</u>**
**PA Common Law – Unjust Enrichment/Quantum Meruit**
*All Plaintiffs (on behalf of themselves, and all those similarly situated) v. Defendants*

97.    The averments contained in paragraphs 1 through 89 are incorporated herein as though set forth at length.

98.    Plaintiffs and members of the PA Class bring this Count in the alternative to their WPCL claim, to the extent that Defendants disavow the existence of an agreement to pay them appropriate wages under the law.

99.    Defendants have been unjustly enriched by not compensating Plaintiffs and the PA Class for time Plaintiffs and the PA Class spent working for Defendants' benefit.

100.    From approximately the beginning of March 2020 through the beginning of January 2021, Defendants have had a willful policy and practice of denying their employees compensation

for time spent engaging in work while traveling from pick-up locations to physical job sites and vice versa.

101.    Defendants knowingly received and retained the benefits of Plaintiffs' and Class Members' labor under circumstances which rendered it inequitable and unjust for Defendants to retain such benefits.

102.    Defendants were unjustly enriched by failing to compensate Plaintiffs and Class Members for their labor in service to Defendants.

103.    As a direct and proximate result of Defendants' unjust enrichment, Plaintiffs and the members of the PA Class have suffered injury and are entitled to reimbursement, restitution, and disgorgement from Defendants of the value of the benefits conferred by Plaintiffs and the PA Class.

<u>**COUNT V**</u>
**VIOLATION OF THE OMFWSA**
**R.C. § 4111.03 - Failure to Pay Overtime**
*All Plaintiffs (on behalf of themselves, and all those similarly situated) v. Defendants*

104.    The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

105.    Defendants engaged in a widespread pattern, policy, and practice of violating the OMFWSA, as detailed in this Second Amended Class and Collective Action Complaint.

106.    At all relevant times, Defendants have been employers within the meaning of OMFWSA.  Ohio Rev. Code Ann. § 4111.14(b).

107.    At all times relevant, Plaintiffs and the members of the Ohio Class have been employees of Defendants within the meaning of the OMFWSA.   Ohio Rev. Code Ann. § 4111.14(b).

108.    Plaintiffs and the Ohio Class are covered by the OMFWSA.

16

109.    In violation of the OMFWSA, Ohio Rev. Code Ann. § 4111.03(A), Defendants failed to pay Plaintiffs and the members of the Ohio Class overtime at a wage rate of one and one-half times their regular rates of pay.

110.    Defendants' violations of the OMFWSA, as described in this Second Amended Class and Collective Action Complaint, have been willful and intentional.

111.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Ohio Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, liquidated damages of twice the amount of unpaid wages, and reasonable attorneys' fees and costs of the action, pursuant to the OMFWSA, Ohio Rev. Code §§ 4111.10, 4111.14(J), and such other legal and equitable relief as the Court deems just and proper.

<u>**COUNT VI**</u>
**VIOLATION OF THE PROMPT PAY ACT**
**R.C. 4113.15 - Failure to Tender Pay by Regular Payday**
*All Plaintiffs (on behalf of themselves, and all those similarly situated) v. Defendants*

112.    The averments contained in the paragraphs are incorporated herein as though set forth at length.

113.    Defendants engaged in a widespread pattern, policy, and practice of violating the OPPA, as detailed in this Second Amended Class and Collective Action Complaint.

114.    At all relevant times, Defendants have been employers within the meaning of OPPA.  Ohio Rev. Code Ann. § 4111.14(b).

115.    At all times relevant, Plaintiffs and the members of the Ohio Class have been employees of Defendants within the meaning of the OPPA.

116.    Plaintiffs and the Ohio Class are covered by the OPPA.

117.    In violation of the OPPA, Ohio Rev. Code Ann. § 4113.15, Defendants failed to promptly pay all wages earned to Plaintiffs and the Ohio Class within 30 days of their regularly scheduled payday.

118.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Ohio Class have sustained damages, including statutory and liquidated damages, and reasonable attorneys' fees and costs, pursuant to the OPPA, Ohio Rev. Code Ann. § 4113.15, and such other legal and equitable relief as the Court deems just and proper.

### COUNT VII
### OHIO COMMON LAW
### Unjust Enrichment/Quantum Meruit
*All Plaintiffs (on behalf of themselves, and all those similarly situated) v. Defendants*

119.    The averments contained in paragraphs 1–89, 97–111 are incorporated herein as though set forth at length.

120.    Plaintiffs and the members of the Ohio Class were employed by Defendants.

121.    Plaintiffs and members of the Ohio Class bring this Count in the alternative to their OMFSW claim, to the extent that Defendants disavow the existence of an agreement to pay them appropriate wages under the law.

122.    Defendants have had a willful policy and practice of denying their employees compensation for time the employees spent engaging in work.

123.    Defendants have retained the benefits of the labor performed by Plaintiffs and Ohio Class Members under circumstances which rendered it inequitable and unjust for Defendants to retain such benefits.

124.    Defendants have been unjustly enriched by not compensating Plaintiffs and the Ohio Class Members for time Plaintiffs and the PA Class spent working for Defendants' benefit.

125.    Defendants knowingly received and retained the benefits of Plaintiffs' and Ohio Class Members' time and labor under circumstances which rendered it inequitable and unjust for Defendants to retain such benefits.

126.    As a direct and proximate result of Defendants' unjust enrichment, Plaintiffs and the members of the Ohio Class have suffered injury and are entitled to reimbursement, restitution, and disgorgement from Defendants of the benefits conferred by Plaintiffs and the Ohio Class.

127.    Plaintiffs and the members of the Ohio Class are entitled to reimbursement, restitution and disgorgement of monies received by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and members of the PA and Ohio Classes, pray for relief as follows:

a)  An order preventing Defendants from retaliating in any way against Plaintiffs and any putative Class or Collective member who joins or elects not to opt-out of the present suit based on their pursuit of these claims alleged herein;

b)  Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all FLSA Collective members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

c)  Designation of Plaintiffs as representatives of the FLSA Class;

d)  Designation of counsel of record as counsel for the FLSA Collective;

e)  Certification of this action as a class action on behalf of the PA Class pursuant to Federal Rule of Civil Procedure 23;

f)  Designation of Plaintiffs as representatives of the PA Class;

g)  Designation of counsel of record as counsel for the PA Class;

h)  Certification of this action as a class action on behalf of the Ohio Class pursuant to Federal Rule of Civil Procedure 23;

i)  Designation of Plaintiffs as representatives of the Ohio Class;

j)  Designation of counsel of record as counsel for the Ohio Class;

k)  A Declaration that Defendants have violated the FLSA;

l)  A Declaration that Defendants have violated the Pennsylvania Wage Payment and Collection Law;

m) A Declaration that Defendants have violated the Pennsylvania Minimum Wage Act;

n)  A Declaration that Defendants have violated the Ohio Minimum Wage and Fair Standards Act;

o)  A Declaration that Defendants have violated § 4113.15 of the Ohio Revised Code;

p)  A Declaration that Defendants have been unjustly enriched;

q)  An Order enjoining Defendants, their officers, agents, successors, employees, attorneys, assigns, and other representatives, and all those acting in concert with it at its direction, from engaging in any employment policy or practice which violates Pennsylvania Law;

r)  An Order requiring Defendants to make whole those persons adversely affected by the policies and practices described herein by providing appropriate back pay, and reimbursement for lost wages in an amount to be shown at trial;

s)  A Declaration that Plaintiffs and members of the Pennsylvania and Ohio Classes are entitled to the value, *quantum meruit*, of the services rendered by them to the Defendants;

t)  An Order requiring Defendants to pay back to Plaintiffs and members of the Pennsylvania and Ohio Classes the amounts representing Defendants' unjust enrichment and the value, *quantum meruit*, of the services rendered by them to the Defendants;

u)  All applicable statutory damages to Plaintiffs, the FLSA Collective, and members of the Pennsylvania and Ohio Classes;

v)  Appropriate liquidated damages to Plaintiffs, the FLSA Collective, and members of the Pennsylvania and Ohio Classes;

w) Reasonable attorneys' fees and costs of action incurred herein; and

x) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the Complaint.

Respectfully Submitted,

<u>*s/ Elizabeth Pollock-Avery*</u>
Gary F. Lynch
glynch@carlsonlynch.com
Jamisen A. Etzel
jetzel@carlsonlynch.com
Edwin J. Kilpela
ekilpela@carlsonlynch.com
Elizabeth Pollock-Avery
eavery@carlsonlynch.com
**CARLSON LYNCH LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15221
T (412) 322-9243
F (412) 231-0246

Sean L. Ruppert
sean@ruppertlawfirm.com
Ruppert Law Firm
1612 Hatteras St.
Pittsburgh, PA 15212
Phone: (412) 353-3661

*Counsel to Plaintiffs*