# IN THE UNITED STATES DISTRICT COURT
# FOR WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN COPLEY, PAT MCGEENEY, and JOE TILLEY, on behalf of themselves and similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>EVOLUTION WELL SERVICES OPERATING, LLC,<br><br>Defendant. | CIVIL ACTION<br><br>NO. 2:20-cv-01442 |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE**

1

Plaintiffs Ryan Copley, Pat McGeeney and Joe Tilley (together "Plaintiffs") filed suit in this District against Evolution Well Services Operating LLC ("Defendant") for back pay and lost wages. Now, after roughly two years of litigation, this Court's conditional certification of the FLSA collective, and expiration of the collective opt-in period, Defendant seeks a transfer of venue to the United States District Court of the Southern District of Texas. This belated motion is nothing more than an attempt to transfer to what Defendant hopes to be a more favorable forum. Defendant's last-ditch effort to avoid the jurisdiction of this Court should be denied.

## ARGUMENT

"The purpose of § 1404(a) is to avoid the waste of time, energy and money and ... to safeguard litigants, witnesses, and the public against avoidable inconvenience and expense." *Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 497 (D.N.J. 1998). However, motions to transfer are not "liberally granted." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (citations omitted). If both the original and requested venues are proper,[1] the Court must consider whether private and public interest factors[2] weigh in favor of transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). As explained below, the relevant factors weigh against a transfer of venue in this case and at this stage of litigation. This Court is the forum in which this matter will proceed most conveniently and in which the interests of justice would be best served.

---

[1] Plaintiffs do not dispute that venue in the United States District Court for the Southern District of Texas is proper in that Plaintiffs could have brought this action in that court. *See Am. Env't Servs., Inc. v. Metalworking Lubricants Co.*, 634 F. Supp. 2d 568, 573 (W.D. Pa. 2009).
[2] "[T]he Third Circuit Court has identified an extensive list of both private and public factors to consider in assessing whether the convenience of the parties and witnesses and the interests of justice would be furthered by a transfer." *Am. Env't Servs.*, 634 F. Supp. 2d at 574.

1

I.      **The Private and Public Interest Factors Weigh Against Transfer**

A.  **The Private Interest Factors Weigh Against Transfer**

The private interest factors are: (1) the plaintiffs' forum preference as manifested in the original choice of forum; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the location of books and records. *Jumara*, 55 F.3d at 879.

1.  **Plaintiffs' Chose This Forum Where Their Claims Arose**

Plaintiffs' preference, as manifested in their original choice of forum, carries great weight. Where, as here, a plaintiff has chosen a proper forum, this choice is a "paramount consideration in any determination of a transfer request." *Shutte*, 431 F.2d at 25. As the Third Circuit has explained, "[i]t is black letter law that a plaintiff's choice [. . .] 'should not be lightly disturbed.'" *Jumara* at 879 (citing *Shutte*, 431 F.2d at 25). While Plaintiffs' forum preference may not be dispositive, it outweighs the preference of Defendant. *See McKee v. PetSmart, Inc.*, No. CA 12-1117-SLR-MPT, 2013 WL 1163770 at *3 (D. Del. Mar. 20, 2013) (noting that courts "have held a plaintiff's choice of forum, even when given lesser weight, still outweighs the defendant's choice because 'some deference is due, and competing against Defendant's preference, the Plaintiff's preference prevails.'") (quoting *Tahir v. Avis Budget Group, Inc.,* C.A. No. 09–3495, 2009 WL 4911941, at *4 (D.N.J. Dec.14, 2009)).

Defendant's suggestion that Plaintiffs' choice of forum is entitled to less deference ***than Defendant's*** (ECF 116 at 3–4) is not supported in the case law. While a plaintiff's choice of forum in the FLSA collective action context may, in some cases, be afforded less deference than a plaintiff's choice of forum in other contexts, the plaintiff's chosen forum is not less important than the defendant's choice. *McKee v. PetSmart, Inc.,* No. CA 12-1117-SLR-MPT, 2013 WL 1163770,

at *3 (D. Del. Mar. 20, 2013), *report and recommendation adopted,* No. CIV. 12-1117-SLR/MPT, 2013 WL 2456719 (D. Del. June 5, 2013) ("Courts within this circuit have held a plaintiff's choice of forum, even when given lesser weight, still outweighs the defendant's choice."). Defendant's suggestion to the contrary would turn on its head the simple proposition that plaintiffs are masters of their suit. *Bell v. Hood,* 327 U.S. 678, 681, 66 S. Ct. 773, 775, 90 L. Ed. 939 (1946) ("the party who brings a suit is master…") (*quoting The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716); *Hanley v. Bloom*, No. CV 15-3884, 2015 WL 7887988, at *1 (E.D. Pa. Dec. 4, 2015) ("Plaintiffs, who, as masters of their Complaint, have chosen to bring suit in this forum"); *See also, Cincinnati Ins. Co. v. O'Leary Paint Co.,* 676 F. Supp. 2d 623, 631 (W.D. Mich. 2009); *Johnson v. VCG Holding Corp.*, 767 F. Supp. 2d 208, 216 (D. Me. 2011).

The three named Plaintiffs worked at Defendant's job sites in Pennsylvania and Ohio. ECF 46 at ¶¶ 17, 19, 21. Therefore, the events giving rise to Plaintiffs' claims occurred in this District or its immediate vicinity, and far from the Southern District of Texas. This factor also weighs against Defendant's motion to transfer venue.[3] Plaintiffs—who live in nearby West Virginia and worked in Pennsylvania—have chosen this forum and that choice is entitled to deference over Defendant's (belated) forum choice. And Plaintiffs' choice is entitled to even more deference

---

[3] The cases cited by Defendant are distinguishable. Unlike here, the plaintiff in *Garcia-Alvarez v. Fogo de Chao Churrascaria (Pittsburgh) LLC*, No. 2:20-CV-01345-CCW, 2021 WL 396741 (W.D. Pa. Feb. 4, 2021) did not oppose the defendants' request to transfer the case to Texas. *Id.* at *2. Further, the putative collective action in *Tahir v. Avis Budget Grp., Inc.,* No. CIV. A. 09-3495 SRC, 2009 WL 4911941 (D.N.J. Dec. 14, 2009) had not been certified by the court when the defendant's motion for transfer was filed, unlike here. *Id*. at *5. In *Dickerson v. Novartis Corp.,* 315 F.R.D. 18, 28 (S.D.N.Y. 2016) the court's main driver behind granting the motion to transfer venues was the inconvenience to non-party witnesses. *Id.* at *29-31. Here, there are no non-party witnesses.

3

given that other plaintiffs have affirmatively opted in to the Collective already conditionally certified here.

### 2. Convenience of the Parties

In assessing this factor, courts look towards "(1) the parties' physical location; (2) the associated logistical and operational costs to the parties' employees in traveling to [the transferor court] (as opposed to the proposed transferee district) for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal." *Mitek Sys., Inc. v. United Services Auto Ass'n.*, No. 12-462 GMS, 2012 WL 3777423, at *6 (D. Del. Aug. 30, 2012) (quotation omitted).

All three Plaintiffs reside in West Virginia—roughly 1500 miles from the Southern District of Texas—and chose to file suit in this District, which is in the vicinity of both their residence and where they worked for Defendant. Traveling to the Southern District of Texas via any mode of transportation would be substantially more expensive and less convenient to Plaintiffs than traveling to this District.[4] Within the Third Circuit, courts have repeatedly set forth that "transfer is not warranted […] if the result is merely to shift the inconvenience from one party to the other." *DermaMed, Inc. v. Spa de Soleil, Inc.*, 152 F. Supp. 2d 780, 783 (E.D. Pa. 2001). Plaintiffs would incur significant added costs and inconvenience were the action to be transferred.

The relative location of each individual who has opted into the Collective also weighs against transfer. Unless Defendant requests to depose any of those opt-ins, they are not expected to appear in court, so this forum will not inconvenience those who may not live in or near the

---

[4] Defendant's suggestion that "the Southern District of Texas is a more convenient forum for the plaintiffs" (ECF 116 at 5) is mistaken at best. Plaintiffs considered what was convenient for them when choosing where to file suit, and do not need or invite Defendant's input on that determination. And, as explained above, the individuals who have opted into the Collective have also affirmatively chosen this forum.

vicinity of this District. Further, all opt-ins, including those who reside some distance from this District, have chosen this forum. Therefore, convenience is not a concern. "Opt-in" forms serve as each plaintiff's "written, filed consent" to the chosen forum. *Salinas v. O'Reilly Automotive, Inc.*, 358 F.Supp.2d 569, 571 (N.D.Tex.2005); *see also Johnson v. VCG Holding Corp.*, 767 F. Supp. 2d 208 (D. Me. 2011). "FLSA class members who 'opt-in' to this litigation are, at least implicitly, signaling that they prefer to join this case […] rather than file a claim closer to home." *Id.* In short, the named Plaintiffs and all opt-in plaintiffs chose to file suit or join a Collective in the Western District of Pennsylvania, indicating that this forum is not inconvenient to them. Defendant's purported concern about what is convenient to Plaintiffs and opt-ins rings hollow and should be discounted.

Lastly, when balancing the convenience for each party, the disparity in financial resources between parties must be accounted for. *McKee v. PetSmart, Inc.*, No. CA 12-1117-SLR-MPT, 2013 WL 1163770 at *4 (D. Del. Mar. 20, 2013). In *McKee*, for example, the Court found that denying the defendant's motion for transfer would not significantly inconvenience the defendant due to its financial resources and size. *Id.* Similarly, Defendant has substantial financial resources and would not be significantly inconvenienced by continuing to litigate this action in the Western District of Pennsylvania, as it has done for roughly two years.

### 3. Other Private Interests are Neutral or Meaningless

The convenience of the witnesses is only impactful "to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. Because there is no indication that any witnesses would be unavailable in either District, this factor is neutral regarding transfer.

Similarly the location of books and records is given little weight in the contemporary era. § 3853 Standard in Considering Transfer—Books and Records, 15 Fed. Prac. & Proc. Juris. § 3853 (4th ed.). Prior to modern advancements, documents had to be physically present, and "[t]ransporting hard copies to a distant court was often cumbersome and expensive." *Id.* However, with the technology now available, virtually all businesses "maintain their books and records in electronic format readily available for review and use at any location." *Cradle IP, LLC v. Texas Instruments, Inc.*, 923 F. Supp. 2d 696 (D. Del. 2013). In cases like this matter, where documents can be digitized (or already are digitized) and can thus be easily produced in any forum, this is not a determinative factor. *Jumara*, 55 F.3d at 879.

### B. The Public Interest Factors Weigh Against Transfer

The public interest factors are: (1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) public policy considerations; and (5) local interests in deciding local controversies at home. *Jumara*, 55 F.3d at 879–880.

#### 1. Enforceability of the Judgment

Because a judgment would be equally enforceable in this District and the Southern District of Texas, this factor is neutral. *See In re DHP Holdings II Corp.*, 435 B.R. 264 (Bankr. D. Del. 2010); *McKee*, 2013 WL 1163770 at *4.

#### 2. Practical Considerations

Because this matter has been before this Court for approximately two years, the Court's familiarity with the case weighs against Defendant's transfer request. For ease of administration, expeditiousness, and practicality, this action should remain in this District. Defendant asserts

without support (ECF 116 at 6) that a transfer to the Southern District of Texas would result in substantial cost savings.[5] Defendant's desire to limit "case-related absences from work" (*id.*) cannot override Plaintiffs' choice of forum. The best way for Defendant to avoid work absences caused by work-related litigation is to avoid engaging in pay practices that subject Defendant to lawsuits.

Defendant's delay in seeking a transfer—its lack of "reasonable promptness"—has an impact on the consideration of a motion to transfer. *See* § 3844 Procedure for Transfer, 15 Fed. Prac. & Proc. Juris. § 3844 (4th ed.). As held by the Fifth Circuit, "[o]n the question of convenience, timing is obviously salient, and after almost two years of litigation in [the original venue], [the movant] has missed his window to litigate in [the requested venue]." *Utterback v. Trustmark National Bank*, 716 Fed. Appx. 241, 245 (5th Cir. 2017). In that case the Court denied the movant's transfer request, which came after two years of litigation. *Id.* The Court held that it would "emphatically not serve the interest of justice to allow [the movant] to take a second 'bite[ ] at the apple' in Florida, just after learning that he would lose in Mississippi." *Id.*; *see also Cohen v. Waxman*, 421 F. App'x 801 (10th Cir. 2010). Further, "[d]elay is relevant to considerations of judicial economy because transfer after significant rulings means that the transferor court will lose a case in which it has already invested." *Gaetano v. Gilead Sciences, Inc.*, No. 21-01419, 2021 WL 3185822, at *5 (D.N.J. Jul. 27, 2021).

---

[5] Defendant's suggestion that Plaintiffs would benefit from the purported cost savings resulting from a transfer carries no weight. ECF 116 at 7. Plaintiffs chose where to file suit and understood the associated costs. Similarly, individuals who have opted in to the Collective are aware that this case is being litigated in this District.

### 3. Court Congestion

The Western District of Pennsylvania is not a notoriously congested court. Even if the median time to trial is shorter in the Southern District of Texas than in this District, this factor has little weight.

### 4. Public Policy Considerations

This case is about Defendant's illegal pay practices and Plaintiffs' (and the Collective's) right to collect back pay and lost wages. There are no far-reaching implications for the oil and gas industry at issue here despite Defendant's suggestion to the contrary. ECF 116 at 7.

### C. Post-Conditional Certification Venue Transfers Are Disfavored

While Section 1404(a) does not include a time limitation, this provision aims to "prevent the waste of time and energy." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964); *see In re Consol. Parlodel Litig.,* 22 F. Supp. 2d 320, 322 (D.N.J. 1998); *Gaetano*, 2021 WL 3185822, at *5 ("[d]elay is relevant…because transfer after significant rulings means that the transferor court will lose a case in which it has already invested"). In the FLSA collective action context, where a motion for transfer is filed after the opt-in period has closed, courts consider this to be a "persuasive distinction." *Montoya v. CRST Expedited*, Inc., 285 F. Supp. 3d 493, 500 (D. Mass. 2018). As discussed above, this is because the opt-in mechanism's choice for class action plaintiffs allows them to join in the forum selection. *Id.*

Defendant now attempts to transfer venue *after* approximately two years of litigation, conditional collective action certification, notice to the Collective, and over one hundred opt-ins. At the lawsuit's commencement, Defendant was fully aware that this suit was filed in Pennsylvania, had the option to request a transfer of venue, and instead opted to remove the case to the Western District of Pennsylvania. After removal was granted, Defendant again had numerous options to file for transfer but rather continued to litigate in the current venue. Only after

8

Plaintiff's Motion for Conditional Certification was granted, prospective opt-in Plaintiffs were sent notice indicating that the Western District of Pennsylvania is the presiding Court over this matter, and the notice period ended does Defendant now bring its motion to transfer. Defendant moved for a venue change only after it lost at every turn and ran out of options in the current venue. This motion for transfer is a classic attempt to get a second bite of the apple that goes against the explicit aims of Section 1404.

As justification for its two-year delay, Defendant argues that the most convenient forum was not apparent until after the opt-in period closed. ECF 116 at 5. However, that argument is untenable as all the opt-ins are or were employees of Defendant. Defendant knows where its employees reside. Therefore, Defendant had prior knowledge that there was a possibility that many opt-ins would be from areas near or surrounding Texas. Defendant did not need confirmation of which former or current employees actually opted in to know this possibility. Therefore, if this motion were indeed in the interest of justice or convenience to the parties, Defendant would have moved to transfer the case at the onset, not almost two years later, after it had no other cards in its hand left to play. *Roller Bearing Co. of Am. v. Bearings, Inc.,* 260 F. Supp. 639, 639 (E.D. Pa. 1966) (The Court found that "[t]he overriding consideration is the untimeliness of [the] motion."…it is simply too late now for [Defendant] to entertain second thoughts as to the most desirable forum.").

Further, Defendant relies almost entirely on an out-of-circuit case, *Davis v. Soc. Serv. Coordinators, Inc.,* No. 1:10-CV-02372-LJO, 2013 WL 4483067, at *10 (E.D. Cal. Aug. 19, 2013), arguing that a transfer is warranted because many opt-in Plaintiffs reside in or near Texas and a "large amount of discovery" still exists. ECF 116 at 9–10. However, the opt-in's residency does not weigh in favor of a transfer. Every opt-in was fully aware that the suit was commenced

9

and litigated in this District per the notice provided to them.[6] Because all Plaintiffs and opt-ins knowingly and purposely consented to the venue and "[t]here is nothing…in the language or policy of § 1404(a) to justify its use by defendants to defeat the advantages accruing to plaintiffs who have chosen a forum which…was a proper venue" Defendant's Motion should be denied. *Shutte*, 431 F.2d at 25.

Lastly, Defendant argues that a transfer is warranted because much discovery remains to be conducted. ECF 116 at 10. However, the remaining discovery, particularly at this stage of litigation, does not favor a transfer of venue as it is not exclusively or even primarily located in the Southern District of Texas, if at all. As indicated by Defendant (ECF 116 at 10, n. 10), the remaining discovery includes (1) depositions of the three named Plaintiffs, all of whom reside relatively close to Pennsylvania; (2) depositions of Defendant's corporate designees (Defendant is a citizen of and incorporated in Delaware); (3) written discovery for plaintiffs who have opted into the Collective, which need not be done in any particular location; and (4) depositions of select opt-in plaintiffs, who have yet to be determined and thus, their state of residency is mere speculation. For this reason, as well, Defendant's motion should be denied.

## II.    CONCLUSION

Defendant's Motion to Transfer Venue should be denied.

---

[6] Plaintiffs and the opt-ins would also be prejudiced by a transfer as they specifically chose this forum. *See Shutte,* 431 F.2d at 25; *Superior Precast Ins. v. Safeco Ins. Co. Of Am.,* 71 F.Supp.2d 438, 445 (E.D. Pa.1999); *Van Dusen v. Barrack,* 376 U.S. 612, 636 (1964).

Dated: June 3, 2022                                  Respectfully Submitted,

/s/ Edwin J. Kilpela
Edwin J. Kilpela
Gary F. Lynch
Jamisen A Etzel
Elizabeth Pollock-Avery
ekilpela@lcllp.com
gary@lcllp.com
jamisen@lcllp.com
elizabeth@lcllp.com
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15221
T (412) 322-9243
F (412) 231-0246

Sean L. Ruppert
sean@ruppertlawfirm.com
**RUPPERT LAW FIRM**
Jonnet Building, Suite 215
4099 William Penn Hwy
Monroeville, PA 15146
Phone: (412) 206-9474

***Counsel to Plaintiffs***

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on the Friday, June 3, 2022, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

*/s/ Edwin J. Kilpela*
Edwin J. Kilpela
