# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RYAN COPLEY, PAT MCGEENEY, JOE TILLEY, on behalf of themselves and others similarly situated, | Case No. 2:20-CV-01442-CCW |
| Plaintiffs, | Judge Christy Criswell Wiegand |
| v. | |
| EVOLUTION WELL SERVICES OPERATING LLC, | |
| Defendant. | |

**SETTLEMENT AND RELEASE AGREEMENT**

This settlement agreement (the "Settlement Agreement" or "Agreement") is entered into on this ____ day of _____, 2023, by and between Plaintiffs Ryan Copley, Pat McGeeney, Joe Tilley, and Precertification Opt-In Plaintiff Brian Hanes ("Plaintiffs") on behalf of themselves and all other individuals they seek to represent, and Defendant Evolution Well Services Operating LLC ("Defendant"; together with Plaintiffs, the "Parties").

1.  **DEFINITIONS**

    1.1.   **Action.** The legal action captioned *Copley v. Evolution Well Services Operating LLC*, No. 2:20-CV-01442-CCW, in the United States District Court for the Western District of Pennsylvania.

    1.2.   **Class Counsel.** Edwin J. Kilpela, Jr. and Elizabeth Pollock-Avery of Lynch Carpenter, LLP.

    1.3.   **Class Member.** Any member of the PA Class or OH Class.

    1.4.   **Closed Period.** March 5, 2020 through December 31, 2020.

    1.5.   **Closed Period Claims.** Claims related to compensation during the Closed Period for time allegedly spent performing pre- and postliminary work.

    1.6.   **Collective Member.** A member of the FLSA Collective, defined in Section 1.14, below. An individual can be, but is not necessarily, both a Collective Member and Class Member.

1

1.7. **Court.** The United States District Court for the Western District of Pennsylvania.

1.8. ***Cy Pres* Distribution.** Any and all funds that, pursuant to the terms of this Settlement, require distribution to a cy pres recipient(s) pursuant to Section 4.12 of this Settlement Agreement.

1.9. **Defendant's Counsel.** Post & Schell, P.C.

1.10. **Effective Date.** The first day after the Settlement becomes Final.

1.11. **Expiration Period.** 180 days after the mailing of the Settlement Payment to the Collective/Class Members.

1.12. **Final Approval.** The Settlement will receive Final Approval on the date that the Court, following a hearing on notice to the members of the Settlement Collective/Class, enters an Order (a) finding that the members of the Settlement Collective/Class received Notice that was the best notice practicable under the circumstances, including individual notice to all members who could be identified through reasonable effort, in compliance with the requirements of due process; (b) finding that the Named Plaintiffs and Class Counsel fairly and adequately represented the Settlement Collective/Class throughout the course of the Action; (c) finding that the Settlement is fair, reasonable, and adequate when considered in light of the factors identified in Fed. R. Civ. P. 23(e)(2); (d) dismissing the Action with prejudice as to all members of the Settlement Collective/Class and ruling that all Collective/Class Members have irrevocably released the Released Claims.

1.13. **Final Effective Date.** Thirty (30) days after the date on which the Settlement receives Final Approval, no appeals are filed, and all conditions have either been satisfied or waived in accordance with this Settlement Agreement.

1.14. **FLSA Collective.** The conditionally certified collective including all current and former rotational non-exempt employees who were employed by Defendant on or after February 1, 2019, who elected to opt-in to the Action pursuant to the FLSA, 29 U.S.C. § 216(b). The complete list of Collective Members is attached as **Exhibit A**.

1.15. **Home to Hitch Claims.** Claims related to compensation from time spent purportedly traveling between employee's homes and the employer-provided housing at the beginning and end of every hitch for Collective Members and OH Class Members. Home to Hitch Claims based on Pennsylvania state wage and hour law were dismissed by the Court previously.

1.16. **Litigation.** The legal action captioned *Copley v. Evolution Well Services Operating LLC*, No. 2:20-CV-01442-CCW, in the United States District Court for the Western District of Pennsylvania. The terms Litigation and Action shall be used interchangeably herein.

1.17. **Notice.** Notice mailed to Settlement Collective/Class members in accordance with the Settlement Agreement.

1.18. **OH Class.** All current and former rotational non-exempt employees who were employed by Defendant, and who worked for Defendant in the State of Ohio on or after August 26, 2018 and who have not opted-out of the Settlement, pursuant to Ohio state wage and hour laws.

1.19. **Opt-Out/Objection Date.** Sixty (60) days after the date of mailing of the Notice.

1.20. **PA Class.** All current and former rotational non-exempt employees who were employed by Defendant, and who worked for Defendant in the Commonwealth of Pennsylvania, on or after February 1, 2019 and who have not opted-out of the Settlement, pursuant to Pennsylvania state wage and hour laws.

1.21. **Preliminary Approval Order.** An Order entered by the Court in the Action (a) certifying the PA and OH Classes solely for settlement purposes; (b) determining that the Court is likely to be able to approve the Settlement; (c) approving the form and manner of notice to the class as providing the best notice that is practicable under the circumstances; and (d) setting a hearing date for Final Approval of the Settlement.

1.22. **Previously Compensated Closed Period Claims.** Claims for time allegedly spent performing pre- and postliminary work, while classified and clocked in as the following job codes: Electrical Field Service Supervisor, Electrical Field Supervisor, ET Field Supervisor, Field Supervisor, MV Field Supervisor, Service Supervisor, Turbine Operations Supervisor, Turbine Operator, and Turbine Operator Lead. These claims, having already been compensated for, will not receive additional compensation under this Settlement.

1.23. **Released Persons.** Defendant and its past, present, and future members, parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, officers, directors, trustees, agents, representatives, divisions, units, branches, managers, attorneys and any other persons or entities acting on Defendant's behalf.

1.24. **Releasing Persons.** Every member of the Settlement Collective/Class and his or her respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, attorneys, spouses (current or former), marital community, conservators, guardians, estates, personal representatives, successors-in-interests, and assigns.

1.25. **Settlement.** The resolution of the Litigation pursuant to the agreement of the Parties on the terms and conditions as set forth in this Settlement Agreement.

1.26. **Settlement Administrator.** A.B. Data, Ltd. will serve as third-party administrator and act in accordance with the terms of this Agreement.

1.27. **Settlement Amount.** The $2,550,000 payment that Defendant will pay to settle the Action as described in this Settlement Agreement, inclusive of Class Counsel's fees and costs, the Service Payments, and the Settlement Administrator's fees and expenses.

1.28. **Settlement Collective/Class.** All members of the FLSA Collective and the members of the PA Class and the OH Class who do not opt-out of the Settlement by filing a valid request for exclusion form before the Opt-Out Date.

1.29. **Service Payment.** The amount to be paid from the Settlement Amount to the Plaintiffs, in accordance with Section 4.14 below.

2. **SETTLEMENT COLLECTIVE/CLASS**

2.1. The Settlement Collective/Class includes all members of the FLSA Collective, the PA Class, and the OH Class who do not opt-out of the Settlement by filing a valid request for exclusion form before the Opt-Out Date.

2.2. Nothing in this Agreement shall be construed as an admission or acknowledgment by the Parties that any class or collective action treatment is either proper or improper in the Action, except for purposes of the Settlement. Neither this Agreement nor approval by the Court of this Agreement shall be admissible in any other proceeding regarding the propriety of class or collective action treatment. Moreover, nothing contained in this Agreement shall be construed as an admission by Defendant or any Released Persons of any liability, wrongdoing, or unlawful, conduct of any kind, all such liability being expressly denied. Defendant specifically denies that it and/or any of the Released Persons engaged in any wrongdoing concerning Plaintiffs. The Parties have entered into this Agreement for the sole purpose of resolving the Complaint and disputed claims without the burden, expense, delay and uncertainty of additional litigation and neither party shall at any time in the future claim that any action or inaction of the other was in any way unlawful, unjustified or unwarranted. The Parties acknowledge that no findings of fact have been made by any court or tribunal.

3. **SETTLEMENT CONDITIONS**

3.1. The Parties stipulate and agree that each of the conditions set forth in this Section is a material term, including the certification of the settlement classes and collective as set forth herein. Except as otherwise provided in this Settlement Agreement, the Parties will use reasonable efforts to cause each of the following settlement conditions to occur and will support approval of the Settlement before the Court.

3.2. **Entry of Final Approval Order by the Court.** The Parties will request that the Court schedule a Final Approval hearing within ninety (90) calendar days after entry of the Preliminary Approval Order. At the final approval hearing, the Parties

will jointly move for Final Approval of the Settlement.

4. **TERMS OF SETTLEMENT**

4.1. **Settlement Amount.** In full consideration for the terms, conditions, and promises in this Settlement Agreement:

    A.    Defendant agrees to fund a Settlement Amount of $2,550,000.00.

    B.    The Settlement Amount includes all amounts to be paid by Defendant under this Settlement Agreement, including, without limitation, Class Counsel's attorneys' fees and expenses, Service Payments, and the Settlement Administrator's fees and expenses.

    C.    The Settlement Amount may remain in Defendant's general funds until required to be provided to the Settlement Administrator for distribution pursuant to Section 4.10.

4.2. **Class Certification.** Plaintiffs will, through Class Counsel, submit a motion for Preliminary Approval of the Settlement, which will include a request that the court grant certification of the PA Class and certification of the OH Class pursuant to Fed. R. Civ. P. 23(b)(3), and final certification of the FLSA Collective pursuant to FLSA, 29 U.S.C.§ 216(b). The requests for final certification of the FLSA Collective, and for certification of the PA Class and OH Class are for settlement purposes only and are intended only to effectuate the terms of this Settlement Agreement.

4.3. **Cooperation.** The Parties will, in good faith, take reasonable steps to (a) secure expeditious entry of a Preliminary Approval Order by the Court; (b) seek a date for the Final Approval Hearing within ninety (90) calendar days after entry of the Preliminary Approval Order; and (c) seek entry of a final approval order.

4.4. **Retention of Settlement Administrator.** The Settlement Administrator will be responsible for the claims-administration process and distribution to Collective/Class Members as provided herein. The Parties will cooperate with the Settlement Administrator and assist in any reasonable way possible in administering this Settlement Agreement. Settlement Administrator fees and expenses are to be paid out of the Settlement Amount.

4.5. **Class Information.** Within seven (7) calendar days after the Court enters a Preliminary Approval Order, Class Counsel will provide the Settlement Administrator with a list, in electronic form, that has previously been provided by to Class Counsel by Defendant containing the following information for Plaintiffs and for each Collective/Class Member: name, last known address, last known telephone number(s), last known email address(es), Social Security Number, hourly rate of pay paid by Defendant, the overtime hourly rate paid by Defendant, number

and location by state of shifts during the Closed Period, and number and location by state of hitches during the Home to Hitch Period. The Parties agree that Defendant will reasonably cooperate to provide any additional information requested by the Settlement Administrator to Class Counsel that has not previously been provided to Class Counsel.

4.6.    **Calculation of Settlement Payments for Plaintiffs and Settlement Collective/Class Members**

A.    **Estimated Settlement Payment.** The Notice will contain an estimated settlement payment for the Collective/Class Member to whom it was mailed. The Settlement Administrator will calculate the estimated settlement payment in accordance with the following steps:

1.    The Settlement Administrator will operate under the following assumptions:

a.    For each hitch worked during the Home to Hitch Period by FLSA Collective and OH Class Members, two (2) hours of time is allotted; and

b.    For each shift worked during the Closed Period by FLSA Collective, OH Class, and Pennsylvania Class Members, two (2) hours of time is allotted.

2.    The Settlement Administrator will calculate the total number of alleged hours worked by each individual using the assumptions above and information supplied by the Parties.

3.    The Settlement Administrator will multiply the total number of alleged hours worked by each Collective/Class Member by the Collective/Class Member's blended overtime rate, determined using all overtime rates paid during the time period as supplied by the Parties, to determine each Collective/Class Member's total alleged damages amount.

4.    The Settlement Administrator will add the total damages amount for each Collective/Class Member together to determine the total alleged unpaid wages.

5.    The Settlement Administrator will deduct $977,500 to account for Class Counsel's attorneys' fees and expenses, Service Payments, and costs of administration from the Settlement Amount to determine the remainder.

6.    The Settlement Administrator will divide the remainder by the total

alleged unpaid wages to determine the total payment ratio.

7. The Settlement Administrator will multiply each Collective/Class Member's total amount by the total payment ratio to determine the Collective/Class Member's estimated payment amount.

B. **Settlement Payment.** Only Settlement Collective/Class Members will receive money in connection with this Settlement. Once the Settlement becomes Final, the Settlement Administrator will calculate Settlement Payments for Collective/Class Members in accordance with the following steps:

1. After the Opt/Out Objection Date, the Settlement Administrator will calculate each Collective/Class Member's final payment amount using the methodology outlined above, after removing from that calculation the apportionment made above in Section 4.6A to any Collective/ClassMember who timely opts-out of the Settlement.

2. The calculation above in Section 4.6A will also be adjusted based on the Court's final award of Class Counsel's attorneys' fees and expenses, Service Awards, and costs of administration.

3. The Settlement Administrator will partition each Collective/Class Member's Settlement Payment into two payments to the Collective/Class Member: (a) one check for 50% of the Collective/Class Member's Settlement Payment, representing alleged lost wages, less all deductions required by law; and (b) one check for 50% of the Collective/Class Member's Settlement Payment, representing liquidated damages. For any individual currently employed by EWSO as of the date of Final Approval, any payments shall indicate and include deductions for wage garnishments, child support payments, or tax liens, if any, as set forth in Defendant's records (if applicable).

4. In performing the calculations for the Settlement Payments, the Settlement Administrator will use the information provided to Class Counsel by Defendant.

5. Plaintiffs, Class Counsel, Released Persons, and Defendant's Counsel will have no responsibility for, or liability arising from, the Settlement Administrator's calculations of the distribution of the Settlement Amount including, without limitation, the calculation of an individual Collective/Class Member's Settlement Payment.

6. Ten (10) days before the Final Approval Hearing, the Settlement Administrator will certify jointly to Class Counsel and Defendant's Counsel a list of all Collective/Class Members, indicating for each the

total estimated Settlement Payment due to that individual pursuant to this Settlement Agreement.

7. Nothing in this Settlement Agreement shall require any adjustment to any Collective/Class Member's accrued benefits under the Beusa Energy 401(k) Plan.

4.7. **Class Notice.** The Settlement Administrator will disseminate the Notice by mail and email. The Settlement Administrator will mail the Notice via First Class Mail to each Collective/Class Member within fourteen (14) calendar days after the Settlement Administrator receives the class list and the data required to perform the preliminary calculations from Class Counsel. The Settlement Administrator will (among other things) provide Estimated Settlement Payment amounts in the class Notice.

4.8. **Objections.** Only Settlement Collective/Class Members may object to the Settlement. To object to the Settlement, the individual must send a written objection to the Settlement Administrator on or before Opt-Out/Objection Date. The objection must set forth, in clear and concise terms, the legal and factual arguments supporting the objection. Members of the Settlement Collective/Class who wish to object and be represented by counsel will do so at their own expense. No Settlement Collective/Class Member will have any claim to any part of the Settlement Amount, with the exception of their individual allocation, based, in whole or in part, on any attorneys' fees or costs.

4.9. **Opt-Out/Request for Exclusion.** For a Collective/Class Member to exclude himself or herself from the Settlement ("opting-out"), he or she must submit a Request for Exclusion.

A. All Requests for Exclusion must be submitted by the Opt-Out/Objection Date.

B. The date of submission is deemed to be the earlier of (i) the date the form is deposited in the U.S. Mail, postage pre-paid, as evidenced by the postmark; or (ii) the date the form is received by the Settlement Administrator.

C. Any Collective/Class Member who submits a timely and valid Request for Exclusion will not (i) be bound by any orders or judgments entered in this Litigation; (ii) be entitled to benefits or relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to the Settlement or appeal from any order of this Court.

D. Upon receipt of a Request for Exclusion, the Settlement Administrator will notify Class Counsel and Defendant's counsel and will provide Class

Counsel with such individual's last known telephone number, address, and email address.

4.10. **Distribution of Settlement Payments to Settlement Collective/Class Members**

    A.    Within thirty (30) days after the Court enters a Final Approval Order, Defendant will provide the Settlement Administrator with the Settlement Amount.

    B.    Within forty-five (45) calendar days after the Court enters the Final Approval Order, the Settlement Administrator will mail the Settlement Payments to the Collective/Class Members' last known addresses.

    C.    The back of each check distributed to Collective/Class Members will state that "the check must be cashed within one-hundred eighty days (180) days or it will become void."

        1.  If any settlement check is not negotiated in the one-hundred eighty (180) day period, that settlement check will be voided, and the Settlement Administrator will place a stop-payment on the check. Collective/Class Members with such voided checks will have irrevocably waived any right in or claim to a Settlement Payment, but the Settlement Agreement and all releases relating to their Released Claims will nevertheless be binding upon them. Any unclaimed funds resulting from such voided settlement checks shall be part of the *Cy Pres* Distribution.

    D.    Neither Released Persons, Defendant's Counsel, Class Counsel, Plaintiffs, nor the Settlement Administrator will have any liability for lost or stolen checks, for forged signatures on checks, or for unauthorized negotiation of any checks funded by any portion of the Settlement Amount.

    E.    In addition to the Settlement Amount, Defendant will be responsible for any and all applicable employer tax contributions associated with wage payments, including but not limited to Defendant's share of the FICA and FUTA taxes, with respect to the amounts treated as wages. The Settlement Administrator will calculate the employer share of taxes and provide Defendant with the total employer tax contributions. Defendant will be afforded the opportunity to verify the accuracy of those calculations. Within thirty (30) days, Defendant will deposit with the Settlement Administrator the calculated employer tax contributions before the mailing of the Settlement Payments to Collective/Class Members.

    F.    Neither Plaintiff, Released Persons, Class Counsel, nor Defendant's Counsel has provided nor will provide any Collective/Class member with any advice regarding the tax consequences of this Settlement Agreement.

4.11. ***Cy Pres* Distribution.** If any portion of the Settlement Amount becomes, by operation of this Settlement Agreement, subject to a *Cy Pres* Distribution, the Settlement Administrator shall distribute said funds to the recipient approved by the Court and set forth in the Final Approval Order. The Parties have selected Houston Volunteer Lawyers Program, Inc. subject to the Court's approval, as the *cy pres* recipient. In making this selection, the Parties used their best efforts to agree upon an organization that provides, among other things, legal services in support of indigent parties in the Harris County, Texas region where the majority of the Collective/Class Members reside.

    A.    With respect to any *Cy Pres* Distribution, the Settlement Administrator shall:

        1.    Determine the total amount of funds subject to a potential *Cy Pres* Distribution; and

        2.    Any unclaimed funds that are subject to a *Cy Pres* Distribution shall be provided to the *Cy Pres* recipient identified by the Court in its Final Approval Order.

4.12.    **Compromise Acknowledgment**

    A.    The Parties and their respective counsel agree that this Agreement is entered into solely as a compromise with respect to disputed wage and hour claims, and that this Agreement is not, and is not to be construed as an admission of liability.

    B.    This Agreement shall not in any way, be construed as an admission by Defendant or any Released Person that it has acted unlawfully or otherwise wronged Plaintiffs and the Collective/Class Members, collectively or individually.

    C.    The Parties have engaged in formal written discovery of the claims and defenses in the Action, including analyzing the relevant law and employee time data. Relying upon their discovery efforts, the Parties have engaged in arms-length settlement negotiations, including two formal mediation sessions with a neutral mediator. The terms of this Settlement Agreement are the culmination of those settlement efforts.

4.13.    **Fees and Expenses Borne By Defendant.** Defendant will bear sole responsibility for Defendant's Counsel's fees, expenses, and costs. Further, and unless specifically stated otherwise herein, Defendant will bear sole responsibility for all fees and costs associated with Defendant's performance of terms under this Settlement Agreement. In addition, Defendant will bear sole responsibility for the payment of the employer's portion of payroll taxes regarding the part of the

Settlement Payments attributable to wages. Should this Settlement become Final, under no circumstances whatsoever shall any portion of the Settlement Amount revert to the Defendant.

4.14. **Class Counsel's Fees and Costs and Service Payment**

    A.    Class Counsel may make an application to the Court for, and Defendant will not object to an award of attorneys' fees in an amount not to exceed 35% of the Settlement Amount, plus reasonable expenses as awarded by the Court.

    B.    If the Court rules that any amount requested by Class Counsel for attorneys' fees, expenses or costs is excessive and reduces the same, only the reduced amount will be deemed to be Class Counsel's fees and costs for purposes of this Settlement Agreement. Any amount reduced or otherwise not awarded by the Court shall be added back to the Settlement Amount.

    C.    Before any payment of any amount designated as Class Counsel's fees and costs, Class Counsel will provide the Settlement Administrator with all information necessary to effectuate such payments (e.g., a fully executed IRS Form W-9). Class Counsel will be issued an IRS Form 1099 for their award of Class Counsel's fees and costs.

    D.    Class Counsel may also make an application to the Court for a one-time Service Payment award each to Plaintiffs Ryan Copley, Patrick McGeeney, and Joe Tilley, and to Precertification Opt-In Plaintiff Brian Hanes, in recognition of the work and services they have contributed to the case including, but not limited to, meetings with Class Counsel, assumption of risks, serving as class representatives, and related activities (including assisting with discovery and helping counsel prepare for the mediation sessions). The Service Payments will not exceed $10,000 for Plaintiffs Ryan Copley, Patrick McGeeney, and Joe Tilley and $5,000 for Precertification Opt-In Brian Hanes ($35,000.00 total Service Payment), to be paid out of the Settlement Amount. The final amount of the Service Payment will be determined by the Court.

    E.    The Service Payments will be treated as non-wage income, and the Settlement Administrator will issue a Form 1099 to Ryan Copley, Patrick McGeeney, Joe Tilley and Brian Hanes reflecting the value of the payments.

4.15. **Waiver and Release.** In exchange for the Settlement Amount and the other good and valuable consideration provided pursuant to the terms of this Agreement:

    A.    Plaintiffs, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to release and forever discharge the Released Persons from all federal, state and local wage related claims that in any way related to any of the facts or claims that were alleged or that could have been alleged in the Litigation. This includes, but is not

limited to statutory and common law claims. Plaintiffs Ryan Copley, Patrick McGeeney, Joe Tilley and Brian Hanes also release any and all claims that could have been asserted against Defendant or any Released Persons arising out of or related to any aspect of their employment, including but not limited to all statutory claims as well as claims sounding in contract or tort.

B.    Collective Members, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to release and forever discharge the Released Persons from all federal, state and local wage related claims that were alleged in the Litigation. By accepting payment as a Collective Member, each Collective Member acknowledges and agrees that they have been paid for all time allegedly worked and have received all other compensation and benefits owed to them. The Notice will include the notification of this required factual representation to all recipients.

C.    OH Class Members, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to release and forever discharge the Released Persons from all Ohio state wage related claims that were or could have been alleged in the Litigation.

D.    PA Class Members, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to release and forever discharge Released Persons from all Pennsylvania state wage related claims that were or could have been alleged in the Litigation.

E.    By accepting the settlement, the OH Class Members and PA Class Members affirmatively warrant and represent that upon receipt of the settlement, the OH Class Members and PA Class Members have received payment for all hours worked while employed by Defendant. The Notice will include the notification of this required factual representation to all recipients.

## 5.   **GENERAL PROVISIONS**

### 5.1.  **Parties' Authority**

A.    The Parties each represent and warrant that they are fully authorized to enter into this Agreement and to bind hereto the terms and conditions of the Agreement. Each Party further represents and warrants that it fully understands and voluntarily accepts the terms of the Settlement.

    1.  The Parties further acknowledge that throughout the negotiations, they have been represented by counsel experienced in wage and hour class and collective action litigation and that this Agreement is made with consent and approval of Class Counsel.

5.2. **Admissibility.** This Settlement Agreement will be inadmissible as evidence in any proceeding, except as necessary to approve, interpret, or enforce this Settlement Agreement.

5.3. **Severability.** If any court with original or appellate jurisdiction over this Action issues a final determination that any part of this Settlement Agreement is not enforceable, the Parties may (but will not be required to) jointly agree in writing to modify this Settlement Agreement to conform with such determination.

5.4. **Disputes Related to the Settlement Agreement.** The United States District Court for the Western District of Pennsylvania shall have continuing jurisdiction should any disputes arise out of the finalization of the settlement documentation or the settlement itself.

5.5. **Modification.** This Settlement Agreement and its exhibits may not be changed, altered, or modified, except in a writing signed by the Parties and approved by the Court.

5.6. **Entire Agreement.** This Settlement Agreement and its exhibits shall constitute the entire agreement between the Parties concerning the subject matter hereof and shall embody the terms of the Settlement.

5.7. **Binding on Assignors and Successors.** This Settlement Agreement will be binding upon, and inure to the benefit of, the Parties and their respective spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys, and assigns.

5.8. **Arm's Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Settlement Agreement at arm's length.

5.9. **Construction.** The determination of the terms and conditions of this Settlement Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Settlement Agreement, and therefore the terms and conditions of this Settlement Agreement are not intended to be, and will not be, construed against any Party by virtue of draftsmanship.

5.10. **Continuing Jurisdiction.** The Court will retain jurisdiction over the interpretation and implementation of this Settlement Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Settlement Agreement and of the Settlement contemplated thereby. The Court will not have jurisdiction to modify the terms of the Settlement Agreement or to increase Defendant's payment obligations hereunder without the Parties' mutual agreement.

5.11. **When Agreement Becomes Effective; Counterparts.** This Settlement Agreement will become effective upon its execution. The Parties may execute this Settlement Agreement in counterparts, and execution in counterparts will have the same force

and effect as if Plaintiffs and Defendant had signed the same instrument.

FOR EVOLUTION WELL SERVICES
OPERATING:

Dated: _____     By: _____

Printed Name: _____

Title: _____

PLAINTIFFS:

Dated: _____     By: _____
RYAN COPLEY

Dated: _____     By: _____
PATRICK MCGEENEY

Dated: _____     By: _____
JOE TILLEY

Dated: _____     By: _____
BRIAN HANES

# EXHIBIT A

| | |
|---|---|
| ADUKWE | CELESTINE |
| ALLEN | JOSEPH |
| ANDERSON | BRANDON |
| ANSELL | JON |
| ARMISTEAD | CHARLES |
| ATKINS | BRAD |
| BANNER | JASON |
| BARNETT | CLINTON |
| BERNER | MICHAEL |
| BOLTON | PAUL |
| BOMAR | TIMOTHY |
| BONE | BENJAMIN |
| BOUTTE | JUSTIN |
| BREAUX | MALLORY |
| BROWN | WILLIAM |
| BUEALE | PRINCE |
| CARY | MASON |
| CASAS | JORGE |
| COPLEY | RYAN |
| COPLEY | JACOB |
| COWART | JUDGE |
| CRAFT | CASEY |
| CUPP | MATTHEW |
| CUTLIP | ROBERT |
| DARDEN | EDWARD |
| DAVENPORT | ADAM |
| DELRIE | CODY |

| | |
|---|---|
| DEMOUCHET | KADEEM |
| DEROUEN | DAMONE |
| DIXON | ZACKERY |
| DURAL | TOMMY |
| EDDINGS | BRIAN |
| FERRY | LANCE |
| FISHER | BOBBY |
| FRIED | RALPH |
| GILBERT | JOSHUA |
| GONZALEZ III | ERNESTO |
| GRANT | RONALD |
| GUERRERO | JOSE |
| HALE | CHARLES |
| HANES | BRIAN |
| HANKS | CLAYTON |
| HARDY | MARCUS |
| HASSELL | CALEB |
| HENNINGS | JOSHUA |
| HILL | BLAINE |
| HOFFMAN | JACOB |
| HUFF | GARRY |
| IBARRA | GABRIEL |
| ISHIE | DAVID |
| JESSOP | MICHAEL |
| JOSEPH | CHRISTOPHER |
| KEYES | DARRON |
| KING | KEVIN |

| | |
|---|---|
| KITZMILLER | FRANKLIN |
| KNOWLES | WILLIAM |
| LEE | DUSTIN |
| LUNA | PHILLIP |
| LUNA | LUIS |
| LUSHBAUGH | VINCENT |
| LUTZ | JOSHUA |
| MAHONEY | MARK |
| MATHEWS | PAUL |
| MAYBERRY | IAN |
| MCCARTEN | WILLIAM |
| MCCLINTOCK | JAMES |
| MCGEENEY | PATRICK |
| MCNEAL | DANIEL |
| MEDINA JR | JUAN |
| MENCHACA | JOEL |
| MILLER | CHACE |
| MONROE | CODY |
| MONROE | JARED |
| MOORE | DANIEL |
| MOSLEY | MATTHEW |
| MOYER | DAKOTA |
| MURRAY | JAMES |
| MUSINGUZI | ANDREW |
| NAVA | SIMON |
| NEFF | ISSAC |
| NOEL | DONELLE |

| | |
|---|---|
| ORMS | DALLAS |
| PADILLA | MARGARITO |
| PERRY JR | RICHARD |
| PETERS | CAMERON |
| PITCHFORD | DIETRICH |
| PRICE | WILLIAM |
| PRUTZMAN | LOGAN |
| RANEY | BENJAMIN |
| RENZO | MARK |
| RICKS | DARYL |
| RODRIGUEZ | CARLOS |
| ROGERS | JEFFREY |
| ROGERS | NICKOLAS |
| ROSBOROUGH | TERENCE |
| SCOTT | DARIN |
| SEIBERT | JERROD |
| SHAW | WILLIAM |
| SHERRELL | CLARENCE |
| SHOLES | MICHAEL |
| SIFUENTES | TOMAS |
| TAYLOR | DENNIS |
| TETER | JEFFERY |
| THWING | CLAYTON |
| TIJERINA | JEREMY |
| TILLEY | JOSEPH |
| VICENCIO III | SIMON |
| WANNER | STACEY |

| | |
|---|---|
| WASICEK III | DAVID |
| WHITE | COREY |
| WHITTEMORE | SALIM |
| WILES | SILAS |
| WORTHINGTON | CHRIS |