UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN COPLEY, PAT MCGEENEY, JOE TILLEY, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EVOLUTION WELL SERVICES OPERATING LLC,<br><br>Defendant. | Case No. 2:20-CV-01442-CCW<br><br>Judge Christy Criswell Wiegand |

**AMENDED DECLARATION OF ELIZABETH POLLOCK-AVERY, IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF<br>CLASS AND COLLECTIVE ACTION SETTLEMENT**

I, Elizabeth Pollock-Avery, declare as follows:

1. I am a partner in the law firm of Lynch Carpenter LLP. I am personally involved in the prosecution of this matter.

2. The team of Lynch Carpenter attorneys involved in the resolution of this matter possess extensive experience litigating wage and hour class and collective actions.

3. I have been involved in this matter from the filing of the First Amended Complaint through its resolution.

4. I make this Declaration in support of Plaintiffs' Motion for Preliminarily Approval of Class and Collective Action Settlement ("Plaintiffs' Motion"), which seeks preliminary approval of the Settlement Agreement.

5. The matters set forth herein are stated with my personal knowledge as well as information shared with me by my co-counsel.

1

6. Plaintiffs' Counsel, on behalf of Plaintiffs and the proposed collective/classes of individuals, has negotiated a settlement of all claims against Defendant for alleged violations of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA").

7. I am submitting this declaration to put before the Court certain documents and facts supporting preliminary approval of the Settlement and demonstrating that the requirements of Rule 23 and 29 U.S.C. § 216, and Federal Rule of Civil Procedure 23 are satisfied for purposes of certifying the Settlement Collective/Class and that the proposed Settlement is fair, reasonable, and adequate.

8. Accordingly, I believe that the proposed Notice should be disseminated to the Collective/Class Members.

**FACTS AND PROCEDURAL BACKGROUND**

9. Plaintiff Ryan Copley ("Copley") commenced this Action on August 25, 2020 in the Court of Common Pleas for Allegheny County, Pennsylvania. (No. GD-20-009129, Dkt. No. 1).

10. On September 25, 2020, the case was removed to the United States District Court for the Western District of Pennsylvania. No. 2:20-CV-01442-CCW, ECF 1. Plaintiffs filed their Second Amended Complaint ("SAC"), the operative complaint in this action, on February 24, 2021. ECF 46.

11. On April 21, 2021, Defendant filed a Motion to Dismiss for Failure to State a Claim. ECFs 51 (Motion), 52 (Brief). During the pendency of that Motion, Precertification Opt-In Brian Hanes opted-in to this action, on June 1, 2021. ECF 57.

12. In an Order dated August 3, 2021 (ECF 58), the Court granted in part and denied in part Defendant's Motion to Dismiss, leaving the following as Plaintiffs' surviving claims: a) FLSA claims as to (Count I): 1) unpaid travel from home to remote work locations, 2) unpaid wages for pre- and postliminary activities, 3) time spent in mandatory safety training, and 4) the daily commute to the pad; b) OMFWSA claims as to (Count V): 1) unpaid travel from home to remote work locations, 2) unpaid wages for pre- and postliminary activities, 3) time spent in mandatory safety training, and 4) the daily commute to the pad; c) PMWA claims as to (Count II): 1) unpaid wages for pre- and postliminary activities, 2) time spent in mandatory safety training, and 3) the daily commute to the pad.

13. Defendant filed its Answer to the Second Amended Complaint on August 17, 2021. ECF 59.

14. On September 13, 2021, the Court held an initial case management conference, wherein the Court ordered the Parties to attend an early mediation pursuant to the Western District of Pennsylvania's practices and procedures.

15. On November 17, 2021, Plaintiffs moved for conditional certification of a class of all current and former rotational non-exempt employees, under the FLSA (ECF 76) which was granted on January 31, 2022, conditionally certifying a "collective consisting of [a]ll current and former rotational non-exempt employees who were employed by Defendant on or after February 1, 2019, and who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C.§ 216(b)" (the "Collective") ECF 88 at 13.

16. Following this Court's granting conditional certification, the Settlement Administrator disseminated notice to 650 individuals. Following the close of the notice period, 113 individuals had opted-in to the conditionally certified collective.

17. On December 2, 2021, the Parties engaged in the Court mandated ADR process before a mediator, Carole Katz, Esq.

18. While helpful, the mediation was ultimately unsuccessful.

19. Accordingly, the Parties sought formal discovery in earnest. To that end, the Parties each served document requests and interrogatories.

20. While the Parties continued to engage in discovery, they continued to have informal settlement discussions.

21. On September 20, 2022, the Parties engaged in a second mediation session before mediator Carole Katz, Esq. At this mediation, the Parties agreed to a settlement in principle. It took several more months of negotiation between the Parties directly before the instant Settlement Agreement could be finalized.

22. Throughout the course of litigating this Action, Defendant has vigorously denied the allegations in the Complaint.

23. I am pleased to present for preliminary approval the proposed Settlement set forth in the Settlement Agreement.

24. In my view the Settlement represents an excellent result that will provide significant benefits to the Collective/Class Members while removing the risk and delay associated with further litigation.

25. The Settlement Amount consisting of cash in the amount of Two Million Five Hundred Fifty Thousand U.S Dollars and No Cents ($2,550,000.00), less Court approved attorneys' fees and expenses, costs of settlement administration, and Service Payments for the Plaintiffs and Precertification Opt-In Hanes, shall be for the benefit of the Collective/Class Members.

26. I recommend the proposed Settlement as an excellent result in light of the factual and legal risks of continued litigation. In recommending the Settlement as fair, reasonable, and adequate, Class Counsel has considered, among other things, the events underlying Plaintiffs' claims and the possible defenses to those claims, as well as the information gleaned by the extensive exchange of information conducted by the Parties in this case.

27. All of this information provided us with a thorough understanding of the strengths and weaknesses of Plaintiffs' claims and the risks associated with further litigation.

28. In short, Class Counsel believes that this Settlement is fair and reasonable because it provides a substantial monetary recovery weighed against the risks of proceeding with litigation.

**CLASS COUNSEL BELIEVES THAT THE PROPOSED SETTLEMENT SATISFIES THE APPLICABLE FACTORS CONSIDERED BY COURTS IN THE THIRD CIRCUIT WHEN REVIEWING PROPOSED CLASS ACTION SETTLEMENTS**

29. Before agreeing to the proposed Settlement, Class Counsel assessed the merits using various factors typically used by counsel in this type of case including the factors used by courts in the Third Circuit to assess proposed class action settlements.

30. Class Counsel believes that the proposed Settlement is fair, reasonable, and adequate when the applicable factors are considered. Those factors include: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

31. The complexity, expense, and likely duration of the litigation, justify preliminary approval of the Settlement.

32. The reaction of the class to the Settlement has not yet been determined, as Class Notice has not yet been disseminated. However, Plaintiffs and Precertification Opt-In Plaintiff Hanes fully support the Settlement.

33. The stage of the proceedings and the amount of discovery completed justifies approval of the Settlement. Defendant has answered Plaintiffs' Complaint and have effectively denied all of Plaintiffs' allegations. The Court has ruled on Defendant's Motion to Dismiss, and Plaintiffs' Motion for Conditional Certification of the Collective, after both issues were fully briefed. The Parties conducted discovery and exchanged relevant information prior to and during the course of the settlement discussions. Finally, the Parties engaged in two mediation conferences, as well as follow-up settlement discussions with the mediator.

34. The risks of establishing liability and damages also counsel in favor of approval of the Settlement. Defendant has vigorously contested liability throughout the course of this Action, would almost certainly have contested both final certification of the FLSA collective and certification of Rule 23 classes. Thus, final certification, liability, and damages would have remained highly contested issues had the Settlement not been reached by the Parties.

35. The risks of maintaining the class action through the trial justifies approval of the Settlement as well. As noted above, Defendant would contested conditional certification of the Collective, and would have fought final certification of the FLSA collective, and Rule 23 certification of both state law classes. The risks associated with maintaining the certified classes therefore supports settlement.

36. The range of reasonableness of the settlement fund in light of the best possible recovery and all the attendant risks of litigation strongly favors approval of the Settlement. Here, the Settlement provides for each Collective/Class Member to receive real monetary relief.

37. The settlement fund accounts for approximately 80% of the total amount of uncompensated regular and overtime wages, as alleged by Plaintiffs and the Collective/Class Members.

38. Each individual share of the Settlement Fund will be a payment for additional overtime wages, using each employee's blended hourly rate (calculated from all overtime rates during the time period agreed to by the Parties) and will be calculated using the following values:

39. **Home to Hitch Claims**: For every hitch worked from February 1, 2019 through the date of Final Approval, employee will receive two (2) hours of time credit.

40. **Closed Period Claims**: For every shift worked from March 5, 2020 through December 31, 2020, employee will receive two (2) hours of time credit. The total damages amount is equal to the blended overtime rates multiplied by the number of credits the employee received for both Home to Hitch and Closed Period Claims combined. However, employees in the following job codes will not be paid: Electrical Field Service Supervisor, Electrical Field Supervisor, ET Field Supervisor, Field Supervisor, MV Field Supervisor, Service Supervisor, Turbine Operations Supervisor, Turbine Operator, and Turbine Operator Lead. This is because these job codes were already compensated for the time at issue and, accordingly, will not receive additional compensation under this Settlement.

41. The Settlement Administrator will multiply the total number of hours worked by each Collective/Class Member by the Collective/Class Member's blended overtime rate,

7

determined using all overtime rates paid during the time period as supplied by the Parties, to determine each Collective/Class Member's total damages amount.

42. By way of example, consider a hypothetical member of the Collective/Class who has opted-in to the Collective, with a blended hourly overtime rate of $45 per hour, who was employed by Evolution Well during the relevant time periods identified above and worked 25 hitches in the Commonwealth of Pennsylvania, 20 hitches in the State of Ohio, and 5 hitches at Defendant's other remote work locations, would receive $9,000.00 in total Settlement Payment. This is calculated by multiplying 100 hours of time credits for the employee's Home to Hitch Claims (2 hours time credit x 50 hitches), and 100 hours for Closed Period Claims (2 hours time credit x 50 hitches). The 200 hours would be multiplied by the $45 overtime rate, to equal $9,000.00 in total recovery.

43. The average recovery per member for the PA and OH Classes is approximately $5,900.

44. The average recovery per Collective member, excluding individuals who only had Previously Compensated Closed Period Claims, is approximately $13,000.

45. As noted above, the Settlement provides for recovery by each individual Settlement Collective/Class Member in the form of a Settlement Payment calculated by the Settlement Administrator. The precise amount will be determined after all Court awarded fees and expenses are deducted. As in the Settlement Agreement, each Collective/Class Member will receive a portion of the Settlement Amount based on the amount of alleged damages they specifically incurred (e.g., the number of hours they worked). Thus, the more hours an individual Settlement Collective/Class member worked, relative to his or her colleagues, the greater his or her share of

the Settlement's proceeds. This ensures an equitable, accurate, and eminently appealing Settlement Payment to all Settlement Collective/Class Members.

46. In addition, Class Counsel is aware of no evidence of fraud or collusion behind the Settlement. Instead, this Settlement was the product of extensive negotiations between experienced counsel under the supervision of a respected mediator. While the final parameters of the proposed Settlement were negotiated amongst counsel, those discussions took several months and were only finalized because of the assistance of the mediator, Ms. Katz.

47. Class Counsel have developed a comprehensive understanding of the merits of the case through our work on the Action. In our view, when we agreed to the proposed Settlement, we had sufficient information about the strengths and weaknesses of the claims and defenses, as well as Defendant's financial condition, to make a reasoned judgment about the desirability of settling the case according to the terms proposed.

48. The Settlement does not unduly grant preferential treatment to the Plaintiffs. Plaintiffs Ryan Copley, Pat McGeeney, and Joe Tilley and Precertification Opt-In Plaintiff Hanes, are instead offered, subject to the Court's approval, a reasonable Service Payment that recognizes the added contribution they each have made to the prosecution of this litigation, including the burden and risks associated with bringing this action publicly, as well as in recognition of the time they each expended in furtherance of the class (*e.g.*, providing background information on Defendant's employment practices, attending two settlement conferences, conferring with Class Counsel during the settlement negotiations).

49. Accordingly, the Parties have agreed that Plaintiffs' counsel will petition the Court for Service Payments to Plaintiffs Ryan Copley, Pat McGeeney, and Joe Tilley of $10,000 each,

9

and a Service Payment to Precertification Opt-In Plaintiff Brian Hanes of $5,000. Defendant has agreed not to object to these requested Service Payments.

50. In Class Counsel's view, the stage of litigation and amount of discovery weigh in favor of preliminarily approving the Settlement.

**THE COURT SHOULD CONDITIONALLY CERTIFY THE PROPOSED CLASS FOR SETTLEMENT PURPOSES**

51. The Settlement Collective/Class consists of all members of the Collective, the PA Class, and the OH Class who do not opt-out of the Settlement.

52. Through the Settlement Agreement, the Parties stipulate to certification of the PA Class and the OH Class for settlement purposes only.

53. The Collective is comprised of current or former rotational non-exempt employee who previously submitted an opt-in form to become an Opt-In Plaintiff and assert federal Fair Labor Standards Act ("FLSA") claims in the lawsuit.

54. The PA Class is comprised of all current and former rotational non-exempt employees who were employed by Defendant, and who worked for Defendant in the Commonwealth of PA, on or after February 1, 2019 and who do not opt-out of the Action.

55. The OH Class is comprised of all current and former rotational non-exempt employees who were employed by Defendant, and who worked for Defendant in the State of Ohio on or after August 26, 2018, and who have not opted-out of the Action.

56. The Parties also stipulate to the final certification of the conditionally certified Collective for settlement purposes only.

## THE PROPOSED SETTLEMENT CLASSES MEET
## THE REQUIREMENTS OF RULE 23(A)

57. In Class Counsel's view the proposed Classes satisfy the requirements of Rule 23 for class certification. Federal Rule of Civil Procedure 23(a) requires that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

58. In Class Counsel's view, the class is so numerous that joining all members is impracticable. Class Counsel understands that there are approximately 207 Settlement Class Members in addition to the 113 Collective Members. As a result, Class Counsel posit that the Action satisfies the numerosity requirement.

59. Second, there are questions of law or fact common to the Settlement Classes, including, whether Defendant violated applicable wage and hour laws by failing to properly pay rotational non-exempt employees in accordance with FLSA and state wage and hour laws.

60. Third, Plaintiff's claims are typical of the proposed Settlement Classes because all claims of Plaintiffs and the Settlement Classes arise from the same practice by Defendant – namely the alleged failure to properly compensate employees for time spent traveling and engaging in work-related activities. There are no unique facts or circumstances that would render any claims atypical.

61. Fourth, in Class Counsel's view, Plaintiffs and Precertification Opt-In Plaintiff Hanes are adequate representatives because their interests are not in conflict with the Settlement Classes.

62. Plaintiffs and members of the Settlement Classes share the common goal of maximizing their recovery from Defendant.

## THE PROPOSED SETTLEMENT CLASSES MEET THE REQUIREMENTS OF RULE 23(B)

63. Class Counsel also suggests that this Litigation meets the requirements of Rule 23(b)(3) for purposes of certifying the Settlement Classes, which requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members and that class action is superior to other available methods of adjudication.

64. Here, Settlement Collective/Class Members' claims arise out of Defendant's alleged policies and procedures. Plaintiffs allege that Defendant's practices did not vary with regard to individual Settlement Collective/Class Members. Additionally, Settlement Collective/Class members' claims seek remedy of "common legal grievances"—namely, straight wages and overtime wages for all hours worked. It is Plaintiffs' position that this presents common operative facts and common questions of law that predominate over any factual variations.

65. Additionally, there is no better method available than class action for the adjudication of the claims of Plaintiffs and members of the Settlement Collective/Class.

## RULE 23(G) IS SATISFIED

66. Finally, certifying a class requires the Court to examine the capabilities and resources of counsel to determine whether they will provide adequate representation to the class. Class Counsel—Lynch Carpenter LLP—easily meet the requirements of Rule 23(g).

67. As the Court is undoubtedly aware, a firm's experience is based on the experience of its attorneys. As the primary attorney responsible for the prosecution of this matter on behalf of Lynch Carpenter, the Court should look to my relevant experience.

68. I and my partners have significant experience prosecuting complex employee protection cases, including wage and hour class actions.

69. To this end, I have significant experience in litigating and resolving other class actions and other cases alleging violations of the FLSA and state law wage and hour cases. These include *Graham v. Famous Dave's of America, Inc. et al*, 2022 WL 17584274 (D.Md. December 12, 2022); *Vider v. LMT Real Estate*, No. 2:19-CV-02066, ECF 56 at 2 (E.D. Pa. Feb. 18, 2021); *Sudano v. Texas Roadhouse Investments of Beaver PA*, No. 2:19-CV-00064, ECF 85 at 4 (W.D. Pa. Apr. 26, 2021); *Reynolds v. Chesapeake & Delaware Brewing Holdings*, No. 2:19-CV-02184, ECF 118 at 3 (E.D. Pa. Sept. 5, 2021); *Tompkins v. Ferny Properties*, LLC, No. 3:18-CV-00190, ECF 138 at 1(D.N.D. Sept. 27, 2021).

70. Importantly, I have been involved in all aspects of the prosecution and resolution of this Action, beginning with drafting and filing the First Amended Complaint.

71. In short, Class Counsel (i) are eminently qualified to serve as class counsel in this matter, (ii) have done substantial work to investigate potential claims in the Action, and (iii) have vigorously pursued the interests of the Settlement Collective/Class Members throughout the pendency of this matter. Thus, the requirements of Rule 23(g) are satisfied.

72. For these reasons, the Court should certify the Settlement Classes for settlement purposes.

## THE COURT SHOULD APPROVE THE PROPOSED COLLECTIVE/CLASS NOTICE

73. Submitted contemporaneously herewith, is a true and correct copy of the proposed Notice to be sent to members of the Settlement Collective/Class.

74. Class Counsel have successfully used similar notice programs in other settled cases and courts have repeatedly approved similar programs. The proposed Class Notice provides

detailed information about the Settlement, including a comprehensive summary of its terms and the terms of the releases of claims as well as the attorneys' fees, expenses, and Service Payment awards sought by Plaintiffs and Precertification Opt-In Plaintiff.

75. In my view, Plaintiff's proposed means of Notice meets or exceeds the standards for due process and Rule 23, as it will adequately advise Collective/Class Members of: (i) the essential terms of the Settlement, including how the Settlement's proceeds will be apportioned and distributed; (ii) their rights with respect to the Settlement, including their right to object; (iii) detailed information regarding the identities of the Released Persons and the released claims; (iv) information about the date of the Final Approval Hearing; (v) information regarding Class Counsel's motion for attorneys' fees and reimbursement of litigation expenses; and (vi) the proposed Service Payment for the Plaintiffs and Precertification Opt-In Plaintiff Hanes.

76. The Notice details how each Settlement Collective/Class Member's portion of the Settlement Amount was calculated, and Settlement Collective/Class Members are provided an opportunity to object to the calculation of the number of hours they worked, and to exclude themselves from the Settlement.

77. In short, based on my experience, I believe that preliminary approval of the Settlement should be granted, as it is fair, reasonable and adequate, and confers a substantial benefit on the Settlement Collective/Class.

**SETTLEMENT ADMINISTRATION**

78. Class Counsel selected A.B. Data to serve as the Settlement Administrator based on their experience, expertise, and price sensitivity—as the Parties are in agreement that they wish to avoid having a significant portion of the Settlement's proceeds consumed through administrative costs.

79.     A.B. Data served as the notice administrator in this litigation following the Court's granting of Plaintiffs' Motion for Conditional Certification.

## CONCLUSION

80.     Plaintiffs and Class Counsel respectfully submit that the Settlement is an excellent result for the Settlement Collective/Class in this case. Class Counsel recommends that the Settlement is fair, reasonable, and adequate, and requests that this Court: (1) preliminarily approve the Settlement Agreement, (2) certify the proposed class and appoint Class Counsel (3) approve the Class Notice and related Notice Plan, and (4) set a date for a Final Approval Hearing within 120 days after the Court enters the preliminary approval order.

Dated: January 27, 2023                                Respectfully Submitted,

*/s/   Elizabeth Pollock-Avery*
Elizabeth Pollock-Avery
elizabeth@lcllp.com
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15221
T (412) 322-9243
F (412) 231-0246

***Counsel to Plaintiffs***