IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN COPLEY, PAT MCGEENEY, JOE TILLEY, *on behalf of themselves and all others similarly situated*,<br><br>    Plaintiffs,<br><br>        v.<br><br>EVOLUTION WELL SERVICES OPERATING, LLC,<br><br>        Defendant. | 2:20-CV-01442-CCW |

## **OPINION**

Before the Court is an Unopposed Motion for Preliminary Approval of a Class and Collective Action Settlement filed by Plaintiffs Ryan Copley, Pat McGeeney, Joe Tilley and Opt-In Plaintiff Brian Hanes.  *See* ECF No. 143.  For the reasons that follow, the Motion will be GRANTED.

## I.    Background

In brief, Plaintiffs Copley, McGeeney, and Tilley (collectively, "Plaintiffs") filed their operative Second Amended Complaint on February 24, 2021, naming as defendants Evolution Well Services, LLC and Evolution Well Services Operating, LLC.  ECF No. 46.  Plaintiffs allege that defendants, as their employer, failed to properly compensate them and other employees for time spent traveling to remote work locations, where employees would live for fourteen-day periods in employer-sponsored housing, and additionally, for time spent traveling from the employer-sponsored housing to daily work sites.  *See generally* ECF No. 46.  On April 13, 2021, Plaintiffs voluntarily dismissed Evolution Well Services, LLC, without prejudice.  *See* ECF No.

50.  The remaining defendant, Evolution Well Services Operating, LLC ("EWSO"), then moved

to dismiss.  *See* ECF No. 51.  The Court granted in part and denied in part EWSO's motion.  *See*

ECF No. 58.  EWSO filed an Answer, and the case then proceeded into discovery.  *See* ECF Nos.

59, 61, and 66.  While EWSO's motion to dismiss was pending, Mr. Hanes joined this action as

an opt-in plaintiff.  *See* ECF No. 57.

On September 21, 2022, the parties successfully reached a settlement with the assistance

of Carole Katz, a mediator who specializes wage-and-hour claims.  ECF No. 128;  ECF No. 144

at 3.  On January 5, 2023, Plaintiffs filed the instant Motion, seeking an order:

> (1) granting preliminary approval of the proposed settlement agreement of the
> above-captioned action pending in this Court; (2) certify[ing], for settlement
> purposes only and pursuant to the terms of the Settlement Agreement,1 the PA
> Class and the OH Class pursuant to Fed. R. Civ. P. 23(b)(3), and [approving] final
> certification of the FLSA Collective pursuant to 29 U.S.C. § 216(b); (3)
> appoint[ing] Plaintiffs as class representatives; (4) appoint[ing] Plaintiffs' Counsel,
> Edwin J. Kilpela, Jr. and Elizabeth Pollock-Avery of Lynch Carpenter LLP, as
> Class Counsel pursuant to Fed. R. Civ. P. 23; (5) approv[ing] the form and manner
> of Notice to be provided to the Settlement Class; (6) set[ting] a deadline to opt-
> out/object of sixty (60) days after dissemination of Class Notice; and (7) set[ting] a
> date for a Final Approval Hearing no sooner than one hundred twenty (120) days
> after entry of a Preliminary Approval Order.

ECF No. 143 at 1–2 (footnote and references to exhibits omitted).  Plaintiffs had filed a brief in

support, *see* ECF No. 144, but have subsequently amended the brief in support, *see* ECF No.

145, and submitted an amended declaration from Plaintiffs' counsel Elizabeth Pollock-Avery,

*see* ECF No. 146.

## II.      Standard of Review

"The claims, issues, or defenses of a certified class—or a class proposed to be certified for

purposes of settlement—may be settled . . . only with the court's approval."  Fed. R. Civ. P. 23(e).

Furthermore, where the settlement would bind class members, "the court may approve [the

settlement] only after a hearing and only on finding that it is fair, reasonable, and adequate."  Fed.

R. Civ. P. 23(e)(2).   Accordingly, "when a district court is presented with a class settlement agreement, the court must first determine that the requirements for class certification under Rule 23(a) and (b) are met, and must separately determine that the settlement is fair to the class under Rule 23(e)."  *In re NFL Players Concussion Injury Litig.* ("*NFL II*"), 775 F.3d 570, 581 (3d Cir. 2014) (cleaned up).

Courts in the Third Circuit generally follow a two-step process for approval of class settlements.  First, "the parties submit the proposed settlement to the court, which must make 'a preliminary fairness evaluation.'"  *In re NFL Players' Concussion Injury Litig.* ("*NFL I*"), 961 F. Supp. 2d 708, 713–14 (E.D. Pa. 2014) (quoting *Manual for Complex Litigation (Fourth) § 21.632 (2004) ("MCL")).  At the preliminary approval stage,

> the bar to meet the "fair, reasonable and adequate" standard is lowered, and the court is required to determine whether "the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible approval."

*NFL I*, 961 F.Supp.2d at 714.  According to the United States Court of Appeals for the Third Circuit, there is "an initial presumption of fairness when the court finds that:  (1) the negotiations occurred at arm's length;  (2) there was sufficient discovery;  (3) the proponents of the settlement are experienced in similar litigation;  and (4) only a small fraction of the class objected."  *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.* ("*GMC*"), 55 F.3d 768, 785 (3d Cir. 1995).[1]

---

[1] At the final approval stage, a more demanding test applies, requiring the Court to examine the so-called *Girsh* factors:

> (1) the complexity and duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement in light of the best recovery; and (9) the range of reasonableness of the settlement in light of all the attendant risks of litigation.

*In re GMC*, 55 F.3d at 785 (citing *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975)).

Even though there is a "strong presumption" in favor of class settlements, *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 594–95 (3d Cir. 2010), "preliminary approval is not simply a judicial 'rubber stamp' of the parties' agreement." *NFL I*, 961 F. Supp. 2d at 714 (citation omitted). As such, "[j]udicial review must be exacting and thorough," *id.* (quoting *MCL* § 21.61), such that "[p]reliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason," *Zimmerman v. Zwicker & Assocs., P.C.*, No. 09-3905 (RMB/JS), 2011 WL 65912, at *2 (D.N.J. Jan. 10, 2011) (citation omitted); *see also*, *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 534 (3d Cir. 2004) ("In cases such as this, where settlement negotiations precede class certification, and approval for settlement and certification are sought simultaneously, we require district courts to be even 'more scrupulous than usual' when examining the fairness of the proposed settlement." (quoting *GMC*, 55 F.3d at 805)).

If approval of the proposed class settlement is sought contemporaneously with certification of the class—that is, when the parties agree to a class-wide settlement "before the district court has issued a certification order under Rule 23(c)"—then "'the certification hearing and preliminary fairness evaluation can usually be combined.'" *NFL II*, 775 F.3d at 581–82 (quoting *MCL* § 21.632). When doing so,

> [t]he judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b). If there is a need for subclasses, the judge must define them and appoint counsel to represent them. The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing.

*Id.* at 582–83 (quoting *MCL* § 21.632) (internal citation omitted). Thus, a district court may provisionally certify a class under Rule 23(e) to facilitate notice to absent class members, fairly and efficiently resolve litigation, and preserve the resources of the court and the litigants,

"allow[ing] the parties to forgo a trial on the merits, which often leaves more money for the resolution of claims." *Id.* at 583.

Under Rule 23(e)(1)(B), the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal," if such notice is justified by a showing that the Court will "will likely be able to:  (i) approve the proposal under Rule 23(e)(2);  and (ii) certify the class for purposes of judgment on the proposal."[2]  Rule 23(e)(2) does not "displace any factor," discussed above, "but rather . . . focus[es] the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal."  Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2009 amendment.

Finally, with respect to the FLSA claim at issue in this case, a district court may approve a proposed settlement of an FLSA collective action "if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *In re Chickie's & Pete's Wage & Hour Litig.*, Civil Action No. 12-6820, 2014 WL 911718, at *2 (E.D. Pa. Mar. 7, 2014) (quoting *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012)). Although the Third Circuit has not yet held that such approval is required for a settlement of an

---

[2] Under Rule 23(e)(2), a Court may approve a settlement proposal that would bind class members "only after a hearing and only on finding that it is fair, reasonable, and adequate."  In evaluating the fairness, reasonableness, and adequacy, the Court must consider whether:

      (A) the class representatives and class counsel have adequately represented the class;
      (B) the proposal was negotiated at arm's length;
      (C) the relief provided for the class is adequate, taking into account:
            (i) the costs, risks, and delay of trial and appeal;
            (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
            (iii) the terms of any proposed award of attorneys' fees, including timing of payment;  and
            (iv) any agreement required to be identified under Rule 23(e)(3);  and
      (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

FLSA collective action, *see Horton v. Right Turn Supply, LLC*, 455 F. Supp. 3d 202, 204-05 (W.D.

P. 2020) (Ranjan, J.), other district courts have approved "a settlement of FLSA claims if it settles

a bona fide dispute and '(1) the settlement is fair and reasonable for the employee(s), and (2) the

agreement furthers the FLSA's implementation in the workplace,'" *see Solkoff v. Pa. State Univ.*,

435 F. Supp. 3d 646, 652-58 (E.D. Pa. 2020) (quoting *Howard v. Phila. Hous. Auth.*, 197 F. Supp.

3d 773, 777 (E.D. Pa. 2016)).

**III.     Analysis**

**A.     The Court Will Preliminarily Approve the Proposed Settlement**

Applying the *GMC* factors, the first factor is met as the negotiations occurred at arm's

length.  The parties reached a settlement after two full-day mediation sessions with Carole Katz,

"who is experienced in mediating wage-and-hour claims and other complex class actions."  ECF

No. 145 at 3, 13;  *see Bredbenner v. Liberty Travel, Inc.*, Nos. 09-905(MF), 09-1248(MF), 09-

4587(MF), 2011 WL 1344745, at \*10 (D.N.J. Apr. 8, 2021) (negotiations were at arm's length

when resolved by an independent mediator).  The second *GMC* factor regarding sufficiency of

discovery has also been met as the parties have conducted over eleven months of discovery.  With

respect to the third *GMC* factor, counsel acting on behalf of the proposed class has significant

experience handling wage-and-hour cases.  ECF No. 146 ¶¶ 68–69.  Indeed, Plaintiffs' counsel

has litigated and resolved class actions involving similar violations.  *See, e.g.*, *Graham v. Famous

Dave's of Am., Inc.*, No. DKC 19-0486, 2022 WL 17584274 (D. Md. Dec. 12, 2022);  *Vider v.

LMT Real Estate, LLC*, No. 19-2066, 2021 WL 9794748 (E.D. Pa. Feb. 18, 2021).  The fourth

*GMC* factor—the percentage of class objectors and opt-outs—cannot be assessed at this point

because the Court has not yet certified a class, and counsel therefore has not yet provided notice

to putative class members.  Reviewing the *GMC* factors in the aggregate, the factors favor preliminary approval of the proposed settlement, such that a presumption of fairness attaches.

After analyzing the *GMC* factors, the Court examines whether any "other obvious deficiencies" are present, "such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible approval." *NFL I*, 961 F. Supp. 2d at 714 (quoting *Thomas v. NCO Fin. Sys.*, No. 00–5118, 2002 WL 1773035, at *5 (E.D. Pa. July 31, 2002)).  If there are no obvious deficiencies, the settlement is considered "fair, reasonable, and adequate" pursuant to Rule 23(e)(2).

There does not appear to be any preferential treatment of the class representatives.  As service awards, the named Plaintiffs will each receive $10,000 each, and a pre-certification opt-in plaintiff, Brian Hanes, will receive $5,000.  ECF No. 145 at 17;  ECF No. 143-1 § 4.14(D).  According to counsel, these four individuals significantly contributed to the resolution of this action, by providing pre-litigation background information and participating in settlement negotiations, and faced substantial risks by joining at the nascent stages of the litigation.[3]  *See* ECF Nos. 1-1, 46, 57;  *see also* ECF No. 143-3 ¶ 48.  Finally, service awards of $10,000 have been approved in other settlements related to wage-and-hour claims.  *See, e.g.*, *Brown v. Progressions Behav. Health Servs., Inc.*, No. 16-6054, 2017 WL 2986300, at *7 (E.D. Pa. July 13, 2017) ($10,000 service award);  *Myers v. Jani-King of Phila., Inc.*, No. 09-1738, 2019 WL 4034736, at *10 (E.D. Pa. Aug. 26, 2019) ($10,000 service award);  *Hall v. Accolade, Inc.*, No. 17-3423, 2020 WL 1477688, at *10 (E.D. Pa. Mar. 25, 2020) ($10,000 service award).  For these reasons, there does not appear to be any unduly preferential treatment of class representatives.

---

[3] Although an unnamed plaintiff, Mr. Hanes joined the litigation before any other opt-in plaintiff, and at a precarious time, before the Court had issued a decision on EWSO's pending motion to dismiss.  *See* ECF No. 57.

The settlement, itself, falls into the range of possible approval. The proposed settlement will create a $2,550,000 fund, compensating the class for approximately 80% of the unpaid wages sought. ECF No. 145 at 17. Each member of the class will recover, on average, $5,900. *Id.* at 15 (the average recovery for an FLSA collective member will be approximately $13,000). This result is higher than other settlements, facing similar legal issues, which have been approved. *See, e.g.*, *Galt v. Eagleville Hosp.*, 310 F. Supp. 3d 483, 495 (E.D. Pa. 2018) (62.5% of unpaid wages); *Myers*, 2019 WL 4034736, at \*9 (between 20% and 39% of unpaid wages). Therefore, the actual recovery supports a presumption of fairness.

Finally, the Court considers whether the requested attorneys' fees excessively compensate counsel. Counsel initially requested 35% of the proposed settlement in fees. ECF No. 145 at 18–19. The Court found that this request for attorneys' fees merited further scrutiny. Although "courts have approved attorneys' fees in FLSA settlement agreements from roughly 20–45% of the settlement fund," *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 534 (E.D. Pa. 2016) (cleaned up), "a benchmark of one-third of the settlement fund is often appropriate to prevent a windfall to counsel," *Altnor v. Preferred Freezer Servs., Inc.*, 197 F. Supp. 3d 746, 768 (E.D. Pa. 2016). The majority of courts addressing settlements in wage-and-hour cases have approved attorneys' fees that were no higher than one-third of the settlement fund.[4] Because the request for attorneys' fees was higher than the one-third benchmark, the Court directed Plaintiffs to file a revised figure for attorneys' fees or supplemental briefing that justified the higher figure. ECF No. 147. Plaintiffs'

---

[4] *See, e.g.*, *Torres v. Brandsafway Indus. LLC*, No. 2:21-CV-01771-CCW, 2023 WL 346667, at \*4 (W.D. Pa. Jan. 20, 2023) (awarding 29% in attorneys' fees); *Caddick*, 2021 WL 4989587, at \*9 (same, 33%); *Leap v. Yoshida*, No. 14-3650, 2016 WL 1730693, at \*9–10 (E.D. Pa. May 2, 2016) (same, 30%); *Keller v. TD Bank*, No. 12-5055, 2014 WL 5591033, at \*14 (E.D. Pa. Nov. 4, 2014) (same, 20%); *McGee v. Ann's Choice, Inc.*, No. 12-2664, 2014 WL 2514582, at \*4 (E.D. Pa. June 4, 2014) (same, 32.7%); *In re Chickie's & Pete's*, 2014 WL 911718, at \*4 (same, 28%); *Young v. Tri County Sec. Agency, Inc.*, 2014 WL 1806881, at \*8 (E.D. Pa.2014) (same, 24.8%); *Ripley v. Sunoco, Inc.*, 287 F.R.D. 300, 313–14 (E.D. Pa. 2012) (same, 33%); *Bredbenner v. Liberty Travel, Inc.*, Nos. 09-905 (MF), 09-1248 (MF), 09-4587 (MF), 2011 WL 1344745, at \*21 (D.N.J. Apr. 8, 2011) (same, 32.6%); *Williams v. Aramark Sports, LLC*, Nos. 10-1044, 10-1547, 2011 WL 4018205, at \*10 (E.D. Pa. Sept. 9, 2011) (same, 33%).

counsel subsequently requested 33% in attorneys' fees and noted that this number "is well within the range of acceptable requests in this district court and has been approved in many other wage and hour collective/class matters." ECF No. 148.  The Court finds this fee request is not excessive.

There being no obvious deficiencies, the proposed settlement appears to be "fair, reasonable, and adequate" pursuant to Rule 23(e)(2).  Accordingly, the Court will preliminarily approve the proposed settlement.

### B.    The Court Will Provisionally Certify the Rule 23 Class

The Court will now address provisional certification of the settlement class.  Plaintiffs define two classes—a Pennsylvania class and an Ohio class—as follows:

> **OH Class**: All current and former rotational, non-exempt employees who were employed by Defendant, and who worked for Defendant in the State of Ohio on or after August 26, 2018 and who have not opted-out of the Settlement, pursuant to Ohio state wage and hour laws.
>
> **PA Class**: All current and former rotational, non-exempt employees who were employed by Defendant, and who worked for Defendant in the Commonwealth of Pennsylvania, on or after February 1, 2019 and who have not opted-out of the Settlement, pursuant to Pennsylvania state wage and hour laws.[5]

ECF No. 143-1 §§ 1.18, 1.20.

For the following reasons, the Court finds that, for the purposes of provisional certification, the proposed class meets the criteria set forth in Rule 23(a) and Rule 23(b)(3).

Pursuant to Rule 23(a), the proposed class must be "so numerous that joinder of all members is impracticable," have "questions of law or fact common to the class," have class representatives with claims and defenses that are "typical of the claims or defenses of the class," and have counsel that "fairly and adequately protect[s] the interests of the class."  Fed. R. Civ. P. 23(a).

---

[5] Plaintiffs also define the FLSA collective, which the Court will address separately.

First, with respect to numerosity, the Third Circuit has held that a proposed class of over forty members generally sufficiently establishes numerosity. *Stewart v. Abraham*, 275 F.3d 220, 226–27 (3d Cir. 2001). Thus, Plaintiffs—with a proposed class of 320 members—have met this prong. ECF No. 145 at 20–21. Second, commonality can be satisfied if even a "single common question" between class members exists. *Reyes v. Netdeposit, LLC*, 802 F.3d 469, 486 (3d Cir. 2015) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011). All the members, as rotational EWSO non-exempt employees, share the common question of whether EWSO failed to compensate them properly for time spent traveling to remote work sites and from employer-sponsored housing to the daily work site. ECF No. 145 at 21. Therefore, commonality is met. Third, claims are typical when "there is a strong similarity of legal theories" or "where the claim arises from the same practice or course of conduct." *See In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 428 (3d Cir. 2016) (internal quotation marks omitted). The proposed class members share similar legal theories—alleging violations of state labor laws, i.e. the PMWA, WPCL, and OMFWSA—that arise from the same practice or course of conduct—EWSO's failure to pay its employees for compensable time as required by these statutes. ECF No. 145 at 22–23. Finally, class counsel is fairly and adequately protecting the interests of the class. Adequacy is met when, "(1) Class Counsel is competent and qualified to conduct the litigation; and (2) class representatives have no conflicts of interests." *In re Chocolate Confectionary Antitrust Litig.*, 289 F.R.D. 200, 218 (M.D. Pa. 2012) (citing *New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 313 (3d. Cir. 2007)). As discussed above, class counsel is competent and qualified, given the significant experience the attorneys have successfully resolving wage-and-hour claims. ECF No. 145 at 24. In addition, there do not appear to be any conflicts of interests. *Id.* at 23.

10

Accordingly, the proposed class satisfies the requirements set forth in Rule 23(a) for the purposes of provisional certification.

Turning to Rule 23(b)(3), the Court must find "that the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). Establishing predominance pursuant to Rule 23(b)(3) is more demanding than establishing commonality pursuant to Rule 23(a), *see Reyes*, 802 F.3d at 486, because it requires a showing that "the essential elements of the claims brought by a putative class are capable of proof at trial through evidence that is common to the class rather than individual to its members," *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 127–28 (3d Cir. 2018) (internal quotation marks omitted). Here, the central issue—whether EWSO undercompensated its employees in violation of state labor laws—is capable of proof at trial and common to all class members, such that predominance is met. ECF No. 145 at 24–25.

Having addressed predominance, the Court turns to the superiority component of Rule 23(b)(3), which requires "a class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Courts "balance, in terms of fairness and efficiency, the merits of a class action against those of alternative available methods of adjudication." *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 533–34 (3d Cir. 2004) (quoting *Krell v. Prudential Ins. Co. of Am.*, 148 F.3d 283, 316 (3d Cir. 1998)). A class action, in this case, is superior to other alternative methods of resolution. Requiring hundreds of separately filed lawsuits would be inefficient, and there would be no guaranteed recovery for alleged unpaid wages. ECF No. 145 at 25–26. Therefore, the Court finds that a class action is superior to other available methods of adjudicating this matter.

Accordingly, the Court concludes that the proposed class action settlement satisfies the criteria set forth in Rule 23(a) and Rule 23(b)(3), such that provisional certification of the class is warranted.

### C.      The Proposed Notice is Reasonable

Next, the Court will review the parties' Proposed Notice Plan.  Rule 23(e)(1)(B) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by the proposal."  Where, as here, the class is to be certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  After reviewing the Proposed Notice Plan, the Court finds that each of these requirements set forth in Rule 23(c)(2)(B) are met.  *See* ECF No. 143-2.

### D.      The Court Will Finally Certify the FLSA Collective Settlement

The Plaintiffs seek final certification of the FLSA collective pursuant to 29 U.S.C. § 216(b).  The FLSA collective is defined as follows:

> **FLSA Collective.** The conditionally certified collective including all current and former rotational non-exempt employees who were employed by Defendant on or after February 1, 2019, who elected to opt-in to the Action pursuant to the FLSA, 29 U.S.C. § 216(b). The complete list of Collective Members is attached as Exhibit A.

ECF No. 143-1 § 1.14.

The Third Circuit has not yet held that final approval is required for an FLSA settlement. *See Horton v. Right Turn Supply, LLC*, 455 F. Supp. 3d 202, 204–05 (W.D. Pa. 2020) (Ranjan, J.). That said, the Court will join other district courts that have approved FLSA settlements, and evaluate whether there exist bona fide disputes, the settlement amount is fair and reasonable, and

the attorneys' fees are reasonable.  *See Solkoff v. Pa. State Univ.*, 435 F. Supp. 3d 646, 652–58 (E.D. Pa. 2020).

In this case, there is a bona fide dispute as to whether FLSA collective members were entitled to the time spent traveling from their homes to remote work location and from employer-sponsored housing to their daily work sites.  *See* ECF No. 145 at 9.  In addition, the settlement amount, which constitutes approximately 80% of the alleged damages, is fair and reasonable.  *Id.* at 17.  Finally, the court finds that the requested attorney's fees are reasonable, given that counsel is seeking 33% of the settlement fund, which is 67% of their lodestar and, under 29 U.S.C. § 216(b), attorney's fees are mandatory in FLSA cases.  ECF No. 145 at 5;  ECF No. 147.

The Court will now turn to the final consideration—the release, which would release any persons, either as an FLSA collective member or a Rule 23 class member, from bringing any related wage-and-hour claims against EWSO.  ECF No. 143 ¶ 4.15.  The proposed settlement would prevent Rule 23 class members who do not affirmatively opt-out from later bringing any FLSA claim—even if they did not opt-in to the FLSA collective.  The Third Circuit has not spoken on this issue, but other Courts of Appeals have found that opt-in FLSA claims may properly be released through an opt-out Rule 23 class settlement.  *See Richardson v. Wells Fargo Bank, N.A.*, 839 F.3d 442 (5th Cir. 2016);  *Rangel v. PLS Check Cashers of Cal., Inc.*, 899 F.3d 1106 (9th Cir. 2018).  Because the Third Circuit has held that final judgments in class action cases have a preclusive effect on other claims, it would likely find that such releases of FLSA opt-in claims are acceptable.  *See In re Prudential Ins. Co. of Am. Sales Prac. Litig.*, 261 F.3d 355, 366 (3d Cir. 2001) ("It is now settled that a judgment pursuant to a class settlement can bar later claims based on the allegations underlying the claims in the settled class action.").

In this case, the proposed notice explains the opt-out process, such that members may preserve any claim, which would include FLSA claims, they might pursue separately.  ECF No. 143-2 at 6.  Therefore, the Court concludes that the parties' release is acceptable and will GRANT final certification of the FLSA collective action.

## IV.    Conclusion

For the foregoing reasons, the Court will GRANT Plaintiffs' Motion and enter an order: (1) granting preliminary approval of the proposed settlement agreement at ECF No. 143-1;  (2) certifying, for settlement purposes only and pursuant to the terms of the settlement agreement, the Pennsylvania Class and the Ohio Class pursuant to Rule 23(b)(3), and approving final certification of the FLSA Collective pursuant to 29 U.S.C.§ 216(b);   (3) appointing Plaintiffs as class representatives;  (4) appointing Plaintiffs' Counsel, Edwin J. Kilpela, Jr. and Elizabeth Pollock-Avery of Lynch Carpenter LLP, as Class Counsel pursuant to Rule 23;  (5) approving the form and manner of Notice to be provided to the Settlement Class;  (6) setting a deadline to opt-out/object of sixty (60) days after dissemination of Class Notice;  and (7) setting a date for a Final Approval Hearing no sooner than one hundred twenty (120) days after entry of a Preliminary Approval Order.

DATED this 10th day of February, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record