IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN COPLEY, PAT MCGEENEY, JOE TILLEY, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>EVOLUTION WELL SERVICES OPERATING, LLC,<br><br>Defendant. | 2:20-CV-01442-CCW |

### ORDER

Before the Court is the Plaintiffs' Unopposed Motion for Preliminary Approval of Collective and Class Action Settlement ("Preliminary Approval Motion") seeking preliminary approval of the settlement (the "Settlement") of this class action asserting alleged violations of Pennsylvania Minimum Wage Act ("PMWA"), the Ohio Minimum Fair Wages Standard Act ("OMFWSA"), and collective action asserting alleged violations of the Fair Labor Standards Act ("FLSA"). The terms of the Settlement are set out in the Settlement and Release Agreement ("Settlement Agreement") filed with the Court. *See* ECF 143-4. Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

The Court, having considered the requirements of 29 U.S.C. § 216(b), Federal Rule of Civil Procedure 23, and the papers and Memorandum of Law filed in support of the Preliminary Approval Motion, including specifically the Parties' Settlement Agreement, hereby ORDERS as follows:

**I. CLASS FINDINGS**

The Court PRELIMINARILY FINDS, for purposes of this Settlement, that the requirements of the Federal Rules of Civil Procedure and any other applicable law have been met

1

as to the proposed OH Class and PA Class, in that:

a) The Settlement Collective/Class numbers approximately 320 unique individuals and, therefore, is so numerous that joinder would be impracticable. The Settlement Collective/Class includes individuals that are Defendant's rotational, non-exempt employees who worked in several U.S. states, including Pennsylvania and Ohio, during the Collective/Class Period.

b) Based on the allegations in the Complaint, there are one or more questions of fact and/or law common to the Settlement Collective/Class. Among other things, Plaintiffs allege that Defendant failed to properly pay its rotational, non-exempt employees for time spent travelling from their home communities to remote work sites during fourteen-day "hitches." As such, Plaintiffs allege that rotational, non-exempt employees were not paid the required wages, including overtime wages, for each and every hour worked.

c) The Plaintiffs will fairly and adequately protect the interests of the Collective/Class Members in that: (i) the interests of the Plaintiffs and the nature of their claims are consistent with those of all members of the Settlement Collective/Class; (ii) there appear to be no conflicts between or among Plaintiffs and the Collective/Class Members; and (iii) Plaintiffs and the Collective/Class Members are represented by qualified counsel who are experienced in preparing and prosecuting complex class actions;

d) The prosecution of separate actions by individual members of the Settlement Collective/Class would create a risk of: (i) inconsistent or varying adjudications as to individual members of the Settlement Collective/Class that would establish incompatible standards of conduct for the party opposing the claims asserted in the case; and (ii) adjudications as to individual members of the Settlement Collective/Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede

those persons' ability to protect their interests; and

e) Common issues of law and fact predominate over any potential individual issues, as the predominant issue is whether Defendant paid rotational, non-exempt employees in accordance with applicable wage laws.

## II. CLASS CERTIFICATION

Based on the findings set out above, the Court hereby certifies the Settlement Collective/Class, which is comprised of the following subclasses:

> **FLSA Collective**: All current and former rotational, non-exempt employees who previously submitted an opt-in form to become an Opt-In Plaintiff and assert federal Fair Labor Standards Act ("FLSA") claims in the lawsuit;
>
> **PA Class**: All current and former rotational, non-exempt employees who were employed by Defendant, and who worked for Defendant in the Commonwealth of Pennsylvania, on or after February 1, 2019 and who have not opted-out of the Action;
>
> **OH Class**: All current and former rotational, non-exempt employees who were employed by Defendant, and who worked for Defendant in the State of Ohio on or after August 26, 2018 and who have not opted-out of the Action.

As noted above, Plaintiffs Ryan Copley, Pat McGeeney, and Joe Tilley, and Pre-certification Opt-In Plaintiff Brian Hanes are adequate and typical class representatives, and the Court hereby appoints them as class representatives for the Settlement Collective/Class.

As required by Fed. R. Civ. P. 23(g), the Court also has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in the case; (ii) Class Counsel's Case 2:20-cv-01442-CCW Document 143-4 Filed 01/05/23 Page 3 of 7 4 experience in handling class actions, other complex litigation, and claims of the type asserted in this case; (iii) Class Counsel's knowledge of applicable wage laws, including the FLSA, PMWA and OMFWSA, and how those laws apply to the claims in this cases; and (iv) the resources Class Counsel has

3

committed to representing Plaintiffs in this case. Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the Settlement Collective/Class. Accordingly, pursuant to Fed. R. Civ. P. 23(g)(2), the Court designates Edwin J. Kilpela, Jr. and Elizabeth Pollock-Avery of Lynch Carpenter LLP as Class Counsel with respect to the Settlement Collective/Class.

### III. PRELIMINARY APPROVAL OF SETTLEMENT

The proposed settlement between the parties documented in the Settlement Agreement appears to be fair, reasonable, and adequate and in the best interests of the Settlement Collective/Class. As such, the proposed Settlement is hereby PRELIMINARILY APPROVED pending a final hearing on the Settlement as provided herein. In addition, as set forth in the Parties' Motion, the Parties have agreed upon A.B. Data, Ltd. ("A.B. Data") to serve as the "Settlement Administrator." Based on the Parties' representation, the Court approves the appointment of A.B. Data as the Settlement Administrator.

### IV. FINAL APPROVAL HEARING

A Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled for **June 8, 2023** at 1:00 p.m., via telephonic conference, to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should receive Final Approval by the Court; whether the Settlement Collective/Class and its representation by the Plaintiffs and Class Counsel satisfy the requirements of Fed. R. Civ. P. 23; whether Class Counsel's application for an award for attorneys' fees and reimbursement of litigation expenses and Service Payments for Plaintiffs and Pre-certification Opt-In Plaintiff should be granted; and any other issues necessary for Final Approval of the Settlement.

## V. CLASS NOTICE

The Court hereby APPROVES Class Notice substantially in the same form and with the same content as that attached to the Preliminary Approval Motion as "Exhibit 2," finding that it fairly and adequately (i) describes the terms and effect of the Settlement, (ii) provides information as to how the recipients of the Class Notice may opt-out of the Action, (iii) provides adequate notice to the Settlement Collective/Class of the time and place of the Final Approval Hearing and (iv) describes how the recipients of the Class Notice may object to the Settlement. The Court further finds that serving the Class Notice to the Collective/Class Members is the best notice practicable under the circumstances, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable law.

As such, the Court directs the Settlement Administrator to disseminate the Class Notice, on or before **March 3, 2023**, including where applicable the Notice, to Collective/Class Members in accordance with the terms of the Settlement Agreement.

## VI. REQUESTS FOR EXCLUSION

On or before **May 2, 2023**, Collective/Class Members may exclude themselves from the Settlement by sending a timely and valid Request for Exclusion form to the Settlement Administrator. To be considered valid, any Collective/Class Member's Request for Exclusion must be postmarked on or before the Opt-Out/Objection Date and must also include the individual's full name, mailing address, last four digits of your Social Security number, a signature, the case name and/or number of the Litigation, and a statement indicating that the individual seeks to exclude themselves from the Class Settlement.

## VII. OBJECTIONS TO SETTLEMENT

Members of the Settlement Collective/Class may choose to object to the fairness,

reasonableness, or adequacy of the Settlement by submitting written objections to the Settlement Administrator. All objections to the Settlement must be sent no later than the Opt-Out Date/Objection Date.

Objections, and any other papers submitted for the Court's consideration in connection with issues to be addressed at the Final Approval Hearing, shall be submitted to:

> A.B. Data, Ltd.
> P.O. Box 173086
> Milwaukee, WI 53217

Any objection must also be served upon all counsel of record. Any member of the Settlement Collective/Class or other person who does not timely file and serve a written objection complying with the terms of this Order, unless otherwise ordered by the Court, shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement. Any untimely objection shall be barred.

Any member of the Settlement Collective/Class who files and serves a timely, written objection pursuant to the terms of this Order may also appear at the Final Approval Hearing in person or through counsel retained at that individual's expense. Class Counsel and Defendant's Counsel shall be prepared at the Final Approval Hearing to respond to any objections filed by Collective/Class Members.

**VIII. MOTION IN SUPPORT OF FINAL SETTLEMENT APPROVAL, APPLICATION FOR FEES, EXPENSES, AND SERVICE PAYMENTS**

Plaintiffs' Motion in Support of Final Approval of Settlement and related relief shall be filed with the Court and served on all counsel of record in accordance with the Court's policies and practices, on or no later than **May 22, 2023**. Further, any application by Class Counsel for attorneys' fees and reimbursement of litigation expenses and for Service Payments for the Plaintiffs and Pre-certification Opt-In Plaintiff, and all papers in support thereof, shall be filed with

the Court concurrently with the Parties' Motion in Support of Final Approval of Settlement. Copies of such materials shall be available for inspection at the office of the Clerk of this Court and made available in the Class Notice.

Until such time as the Court can make a final determination as to the propriety of the Settlement at the Final Approval Hearing, the Parties are hereby ordered to comply with the terms of the Settlement Agreement and this Order.

**IT IS SO ORDERED.**

DATED this 10th day of February, 2023.

BY THE COURT:

/s/ Christy Criswel Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):
All Counsel of Record