IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| RYAN COPLEY, PAT MCGEENEY, JOE TILLEY,<br><br>  Plaintiffs,<br><br>  v.<br><br>EVOLUTION WELL SERVICES OPERATING, LLC,<br><br>  Defendant. | 2:20-CV-01442-CCW |

## ORDER

Upon consideration of the Parties' request for final approval of the Joint Stipulation of Settlement and Release Agreement ("Settlement Agreement") entered into by and between Plaintiffs Ryan Copley, Pat McGeeney, and Joe Tilley, as well as Precertification Opt-In Plaintiff Brain Hanes (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class Members, and Defendant Evolution Well Services Operating, LLC ("Defendant"; together with Plaintiffs, the "Parties"), the Court orders and finds as follows:

1. Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiffs, Settlement Class Members, and Defendant.

3. The Court determines that Plaintiffs are asserting claims on behalf of themselves and the Settlement Class for violations of applicable wage laws, including the Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collection Law

("PWPCL"), Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Wage Payment Pay Law ("OPPA"), and the Fair Labor Standards Act ("FLSA").

4.  The Court determines that the Settlement, which includes the payment of Two Million Five Hundred Fifty dollars, $2,550,000.00, on behalf of Defendant ("Settlement Amount"), has been negotiated vigorously and at arm's length by and between Class Counsel and Defendant's Counsel. The Court further finds that at all times Plaintiffs have acted independently and that Plaintiffs and Class Counsel have fairly and adequately represented the Settlement Class in connection with the Litigation and the Settlement. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

5.  The Court determines that the Class Notice transmitted to the settlement classes, pursuant to the Preliminary Approval Order and in accordance with the Settlement Agreement, is the best notice practicable under the circumstances and included individual notice to all members of the settlement classes who could be identified through reasonable efforts. The Class Notice, along with the posting of the Class Notice on the website identified in the Class Notice as well as mailing, via First Class Mail, and emailing of the Class Notice to members of the settlement classes, provides valid, due and sufficient notice of the Final Approval Hearing and of the other matters set forth therein, including the terms of the Settlement Agreement and the Settlement, and thus the Class Notice has satisfied the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

6.  Pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23(b)(3), the Court previously certified a Settlement Class consisting of:

> **FLSA Collective**: All current and former rotational non-exempt employees who were employed by Defendant on or after February 1, 2019, who elected to opt-in to the Action pursuant to the FLSA, 29 U.S.C. § 216(b);
>
> **PA Class**: All current and former rotational, non-exempt employees who were employed by Defendant, and who worked for Defendant in the Commonwealth of Pennsylvania, on or after February 1, 2019 and who have not opted-out of the Action; and
>
> **OH Class**: All current and former rotational, non-exempt employees who were employed by Defendant, and who worked for Defendant in the State of Ohio on or after February 1, 2019 and who have not opted-out of the Action.

No evidence has been submitted to the Court that alters the Court's determination that certification of the settlement classes is appropriate. As such, the Court hereby approves the maintenance of the Litigation as a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). In addition, pursuant to Federal Rule of Civil Procedure 23(g), the Court also hereby appoints Plaintiffs as the representatives of the settlement classes and Lynch Carpenter, LLP as Class Counsel.

7. The Court finds that the Settlement is fair, reasonable, and adequate and hereby finally approves the Settlement Agreement submitted by the Parties, including the Release of Claims set forth in Section 4.15 of the Settlement Agreement.

8. Based on the Settlement, the Court hereby dismisses the Complaint and the Litigation against Defendant with prejudice on the merits. Judgment is entered pursuant to Federal Rule of Civil Procedure 54(b) as outlined in the Settlement Agreement at Section 1.12.

9. As of the Effective Date, all release provisions within the Settlement Agreement shall be given full force and effect in accordance with each and all of their express terms and provisions including the Release of Claims set forth in the Settlement Agreement. As set forth in the Settlement Agreement, participating members of the settlement classes are deemed to have

released their claims under the Fair Labor Standards Act and applicable state laws as set forth in Paragraph 4.15 in the Settlement Agreement.

10. Defendant is hereby ordered to pay all other amounts as set forth in the Settlement Agreement.

11. No other amounts, not otherwise set forth in this Order, authorized by this Court or permitted or required under the Settlement Agreement, shall be paid from the Settlement Amount.

12. The Court finds that the distribution of the Settlement Amount to participating members of the Settlement Class as submitted by the Parties is approved as fair, reasonable, and adequate. The Settlement Amount shall be distributed in accordance with the terms set forth in the Settlement Agreement.

13. In the event that the Settlement Agreement is terminated in accordance with its terms, this Order and Judgment shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the execution of the Settlement Agreement. The Parties shall immediately contact the Court to obtain a new date for oral argument on the pending motion(s).

14. The Court retains exclusive jurisdiction to enforce the terms and provisions of the Settlement Agreement and this Order.

15. The Parties are hereby ordered to comply with the terms of the Settlement Agreement and this Order.

### **Attorneys' Fees, Expenses, and Service Awards**

16. Furthermore, upon consideration of Plaintiffs' Motion for Attorneys' Fees and Expenses and for Class Representative Service Payment, it hereby ORDERED that the

Motion is GRANTED.

17. IT IS FURTHER ORDERED that Class Counsel are awarded attorneys' fees in the amount of $836,500.00.

18. IT IS FURTHER ORDERED that Class Counsel are awarded reimbursement of attorneys' expenses in the amount of $17,576.96.

19. IT IS FURTHER ORDERED that expenses for Claims Administrator's fees and expenses for notice and claims administration are approved in the amount of $19,474.00, which will be deducted from the settlement fund.

20. IT IS FURTHER ORDERED that Class Representative Service Payments in the amount of $10,000.00 are to be paid to each of Plaintiffs Ryan Copley, Pat McGeeney, Joe Tilley and to pre-certification opt-in Plaintiff Brian Hanes.

**SO ORDERED.**

DATED this 14th day of July, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record